In the Matter of MOSES HERMAN to Review the Action of the BOARD OF ELECTIONS OF THE CITY OF NEW YORK.

*Election Law — objections to certificates of nomination — the fifteen-day limit is directory — action on certificates of independent nomination filed less than twenty days before election.*

The provision of the Election Law (Laws of 1896, chap. 909; § 56, as amd. by Laws of 1901, chap. 654; Id. § 66, subd. 1, as amd. by Laws of 1905, chap. 643) that the final order, in regard to objections, to certificates of nomination filed with the board of elections of the city of New York, must be made at least fifteen days before the election is directory and not mandatory, and a decision made by such board of elections in the exercise of due diligence on the fourteenth day before the election with respect to objections to certificates of nomination is not *ultra vires* and may be reviewed by the courts.

The board of elections of the city of New York has power to act on certificates of independent nominations filed less than twenty days prior to the election.

PER CURIAM:

For the reasons assigned by the justice sitting at Special Term the order appealed from should be affirmed.

*Charles H. Knox* and *John T. Dooling,* for the appellant.

*A. S. Gilbert,* for the respondent.

Present — O'BRIEN, P. J., PATTERSON, McLAUGHLIN, LAUGHLIN and CLARKE, JJ.

Order affirmed.

The following is the opinion of Mr. Justice STOVER handed down at Special Term:

STOVER, J.:

A number of proceedings have been brought for the purpose of reviewing the actions of the board of elections, and have been argued by counsel in groups, cases presenting the same question being presented together, and have so been considered. It is first objected that the board had no authority to decide objections after midnight of October twenty-third. The statute provides that the final order in the premises must be made on or before the last day for filing certificates of nomination,* which is at least fifteen days before the election, if filed with the board of elections of the city of New York.† The papers upon this application show that the board of elections did not complete their examination of objections until after midnight of the twenty-third, which was the fifteenth day before election, and the decisions upon the objections were made at about four A. M. on the morning of the twenty-fourth, the board being in session during the day and night of the twenty-third. There is no claim made that the board had intentionally delayed the proceeding, but, upon the contrary, it is quite apparent that the board had diligently endeavored to discharge its duties. The application in the cases brought to the court was speedily made and submitted on the twenty-fifth, being the earliest time that the matter could be brought before the court, after the decision of the board of elections. It was held in *Matter of Hennessy* (164 N. Y. 396) that the direction of the statute as to time was directory, and not mandatory; and within the authority and reasoning of that case these applications are properly before the court. It would seem that any other holding would prevent in many cases a review by the court, and place it within the power of a board of elections to entirely defeat the object of the statute by withholding a decision until midnight of the fifteenth day before the election. Until some controlling authority is cited I am not prepared to make a ruling involving such consequences. This objection goes to all of the cases under consideration.

* Election Law (Laws of 1896, chap. 909), § 56, as amd. by Laws of 1901, chap. 654.— [REP.

† Id. § 66, subd. 1, as amd. by Laws of 1905, chap. 643.— [REP.

[Here follows certain matter which has been omitted because it does not relate to the *Matter of Herman*, but to other cases considered at the same time.]

It is objected that the board has no power to act on independent nominations filed after October eighteenth,* and that sufficient notice was not given to candidates of the objections. This involves to some extent the original objection as to the jurisdiction, but I think the statute is broad enough to confer upon the court power to entertain the proceeding and to make such order as may be proper under the circumstances. It is quite true, perhaps, that sufficient notice was not given to candidates to answer objections, but I have upon this application given the fullest opportunity to obtain the true facts to the end that no one may be deprived of his rights. The application is summary, and necessarily must be disposed of in time to permit the board to perform its further duties. But I have in each case considered the objection and all of the papers submitted with a view of as far as possible protecting each individual in his rights.

In the case of the nomination of Freidel for member of Assembly and Silverstone for the office of alderman in the eighth aldermanic and Assembly districts of the city an examination of the certificate filed, it seems to me, shows upon the face of it such irregularity as to render it illegal. I have endeavored to separate the valid and invalid portions of it in order, if possible, to sustain the certificate; but I find it impossible to do so. It seems to be so grossly irregular as to render the whole certificate ineffective for any purpose. I have thus covered the general propositions of law involved upon the application, and except where I have been satisfied that the board passed upon the questions of fact without having all the facts before it, and where they have been supplied on this hearing, or where it is apparent upon the face of the papers that they acted upon an erroneous view of the law, as above stated, I have not interfered with their action. But in such cases I have endeavored to make such order as would protect the rights of the parties and conserve the public interests.

---

* See Election Law, § 59, as amd. by Laws of 1905, chap. 643.— [REP.