[No. 7426.]

## TOWN OF LYONS v. CITY OF LONGMONT.

1. CONSTITUTIONAL LAW—*When the Constitution Is Self-Executing*—Constitutional provisions are self-executing when it appears from the context that they are intended to operate at once, without the aid of legislation to give effect to the right conferred, or enforce the duty prescribed.

Section 7, art. XVI of our constitution is of this character. It does not merely declare principles, but confers a right and prescribes the conditions and rules under and by means of which that right may be enforced.

2. ——*Construction of the Constitution*—The purpose of a constitutional provision is to be ascertained from the words thereof. The title or caption of the article in which it is found is not controlling.

3. ——*Section 7 of art. XVI*, confers on all persons and corporations the right of way across any lands, public or private, for conveying water for domestic purposes. The character of the conduit is unimportant. A municipal corporation may condemn a way through and across the public streets and alleys of another municipality for the construction of a pipe-line for conveying water for the domestic uses of its inhabitants.

The latter municipality still retains authority to prescribe necessary reasonable regulations which must be observed by the former in maintaining and operating such pipe-line.

*Error to Boulder District Court.*—Hon. JAMES E. GARRIGUES, Judge.

Messrs. SCHUYLER & SCHUYLER and Mr. HENRY TROWBRIDGE, for plaintiff in error.

Mr. GRANT E. HALDERMAN and Mr. HORACE N. HAWKINS, for defendant in error.

The town of Lyons and the city of Longmont are located on the St. Vrain, the former near the point where the stream emerges from the foot-hills, and the latter about nine miles below. The city of Longmont commenced an action against the town of Lyons and a number of private owners of property in the town to condemn a right of way for a pipeline to carry water for domestic and other uses and purposes, for the in-

habitants of the city, through, and under certain streets and alleys of the town, and also through certain parcels of land owned by the individual property owners. The water supply for this system is taken from the north fork to the St. Vrain some distance above the town of Lyons. It is not necessary to notice in detail the averments of the petition filed by the city, as its sufficiency is not challenged, if the city has the right to condemn a right of way for its pipeline through the streets of the town of Lyons. To the petition the respondents filed their joint and several demurrers on the ground that the court was without jurisdiction of the proceedings, or to grant possession of the premises described in the petition, and, generally, that the petition did not state facts sufficient to constitute a cause of action. This demurrer was overruled. The city then applied for an order granting it possession of the premises described in its petition, to enable it to proceed with the construction of its pipeline, which was granted. Thereafter, for the purpose of saving time and expense to the parties, and in order to hasten the disposition of the case, a stipulation of facts was entered into between the parties, by which it was agreed that an answer need not be filed by respondents, and that the case should be considered at issue, without any further plea; that a board of commissioners need not be appointed, nor jury summoned; that the findings of the court should be as valid and effective as if a board of commissioners had been appointed and returned their report, and appraisement; that the value of the land or property actually taken was one dollar for each tract or parcel; that there were no damages to the residue; and no benefits to any of the land of respondents not taken. It was further stipulated that the route described in the petition through the town of Lyons from petitioner's intake dam is the most practicable, feasible, and least expensive route, and that if a line was constructed which did not pass through the town of Lyons it would involve a greatly increased cost, and engineering questions of getting the line over hills and cliffs, which are not involved in

the line going through the town of Lyons; that the town of Lyons lies between the diversion, or intake dam of the city of Longmont, and the corporate limits of the latter, and that the pipeline did not pass through cultivated or improved land in the town of Lyons, and that no building or improvement was interfered with or damaged. It was also stipulated, as alleged in the petition, that the line was to be a "flow line,"—that is, a pipeline in which the water flowed by gravity, and not by pressure, and that the line through Lyons should be, and was, a concrete and steel pipe, laid several feet below the surface, with every joint cemented or leaded, and fitted so closely together that water would, or could, not leak from the line; and that the city, as stated in its petition, only sought to obtain the right of way through the town of Lyons for the purpose of conducting water through its pipeline, subject to all reasonable rules and regulations, which then existed or might thereafter be enacted by the town with respect to the laying and maintenance of the line within its boundaries.

The line had been laid through the town before the cause was tried. At the trial it appeared without dispute that the pipe had been laid through the town of Lyons at a depth of from four to ten feet; that no improvements of the town had been interfered with; that the water line of the town of Lyons had been crossed twice, Longmont's pipe going underneath; and that the pipe had been laid through the town with extra care and expense, so as to make it absolutely safe, the line having been surrounded with concrete, so that it would never break, no matter how heavy the travel over the streets might be. It appears from the stipulation of the parties and the testimony, that the use of the streets by the town of Lyons through which the pipeline passes is not in any manner interfered with.

On these facts the court entered judgment awarding the city of Longmont a right of way over, upon, and through the parcels of land and streets mentioned in its petition, for its pipeline, for the conveyance of water to its water works system; and that upon payment of the damages, as fixed by the

stipulation of the parties, the city of Longmont should become seized in fee of the right of way through such streets and parcels of land. The town of Lyons brings the case here for review on error, and contends the judgment is erroneous for the following reasons:

"1. The streets and alleys of the town of Lyons are public property and no right exists, and the courts of this state have no jurisdiction, to condemn a right of way for a water pipe line by one municipality through the streets and alleys of another municipality.

2. The statutes of Colorado specifically prohibit the laying of any pipeline in any street or alley of a town or city without the consent of such town or city.

3. Towns and cities of this state have exclusive jurisdiction over the use of their own streets, and the judgment of the district court herein deprives the town of Lyons of such jurisdiction, and also results in giving jurisdiction to two municipalities over a portion of the streets and alleys of one of said municipalities, at the same time, and for the same purpose."

In support of this proposition, the following statutory provisions of the Revised Statutes of 1908 are relied upon: Section 6519; sub-divisions 58, 67, 68, 70 and 74, and paragraphs 1, 4, 7, 8, 9, of sub-division 7 of section 6525; section 6815; the Eminent Domain Act, sections 2415, 2416, 2458 et seq; and sections 6676 and 6588.

Based on these provisions, and the facts, the argument of counsel for the plaintiff in error is, that the streets and alleys of the town of Lyons are public property; that the constitution and statutes of the state only confer the right to condemn private property; that a pipeline can not be laid in any street or alley, of a town without its consent; that towns and cities have exclusive jurisdiction over the use of their streets; that the judgment confers jurisdiction on two municipalities over the same streets and deprives the town of Lyons of the use of its streets for water, gas, sewer, pipeline and other municipal uses.

The contention of counsel for the city of Longmont is, that the Eminent Domain Act gives the city a right to condemn a right of way through the streets of the town of Lyons, or, if it does not, that this right is conferred by section 7 of article XVI of the constitution, which is as follows:

"All persons and corporations shall have the right of way across public, private and corporate lands for the construction of ditches, canals and flumes for the purpose of conveying water for domestic purposes, for the irrigation of agricultural lands, and for mining and manufacturing purposes, and for drainage, upon payment of just compensation."

For a reply to this argument, counsel for plaintiff in error contend that the section is not applicable, for the reason that it is part of an article confined to the subject of "Mining and Irrigation," and was not intended for a municipal water supply; that it only applies to "ditches, canals and flumes," and does not apply to a "pipeline" for carrying water underneath the surface; that the streets and alleys of the town of Lyons are not "public lands" within the meaning of this provision, and that it is not self-executing.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The sole question involved is, whether the city of Longmont has the right to condemn a right of way for its pipeline through the streets and alleys of the town of Lyons. Independent of statutory provisions cited by counsel for plaintiff in error, we think this right is conferred by the constitutional provision above quoted. It declares that all persons and corporations shall have the right of way across public, private and corporate lands, for the purpose of conveying water for domestic purposes. The intent of a constitutional provision is the law. Manifestly, the intent of the provision under consideration was to confer upon all persons and corporations the right of way across lands, either public or private, by whomsoever owned, through which to carry water for domestic purposes, and necessarily, embraces a municipal corporation seeking a right of way for such purposes. It covers every

form in which water is used, domestic, irrigation, mining and manufacturing, and its object is to be ascertained from its language and not from the title or heading the compiler of the constitution has given the article in which it is found. It does not mention a pipeline, but its evident object was to permit a right of way for a conduit through which to convey water for the purposes designated, and hence, the kind of conduit 'employed and utilized is of no material moment, so far as any question in the case at bar is involved. It does not merely declare principles. On the contrary, it is complete in itself, and by its own terms, confers a right and prescribes the rules and conditions by means of which such right may be enforced. It employes no language to indicate that the subject with which it deals is to be referred to the legislature for action. A constitutional provision is a higher form of statutory law, which the people may provide shall be self-executing, the object being to put it beyond the power of the legislature to render it nugatory by refusing to pass laws to carry it into effect. Constitutional provisions are self-executing when it appears that that they shall take immediate effect, and ancillary legislation is not necessary to the enjoyment of the right thus given, or the enforcement of the duty this imposed. In short, if a constitutional provision is complete in itself, it executes itself.—*Davis v. Burke,* 179 U. S. 399; Cooley on Const. Lim., 6th Ed., 99; 6 Am. & Eng. Ency., 912; *Kitchin v. Wood,* 70 S. E. (N. C.) 995; *Willis v. Mabon,* 48 Minn. 140.

To summarize: The constitutional provision under consideration confers a right and prescribes the rule by means of which, in an appropriate action in a court of competent jurisdiction, that right may be enforced without further legislation, and is, therefore, self-executing.

In so far as the statutory provisions cited by counsel for plaintiff in error are in any sense applicable, the rights thereby conferred upon cities and towns are subject to this constitutional provision. The judgment in no sense deprives the town of Lyons of jurisdiction over its streets and alleys, as it re-

tains authority to prescribe all reasonable and necessary rules and regulations, which the city of Longmont must observe in maintaining its pipeline through such streets and alleys, and all rights which it may exercise over its line within the corporate limits of Lyons are, therefore, subject to such control. It affirmatively appears that the judgment of the district court does not deprive the town of Lyons of the use of its streets for any purpose whatever, either present or future, and it is, therefore, unnecessary to consider whether a right of way for the purposes mentioned in the constitution would be granted when the effect would be to deprive a municipality of all use of its streets through which such right of way was sought.

The judgment of the district court is affirmed.

*Judgment affirmed.*

Decision *en banc.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GARRIGUES not participating.