[No. 9087.]

BENSON V. THE ELECTION COMMISSION OF DENVER.

ELECTIONS—*Nomination by Petition.* Under c. 4 of the Acts of 1910 it is not required that those subscribing the petition for the nomination of a candidate shall be registered voters. The subscriber's character as a voter being established by the affidavit prescribed by the statute, no more can be required. (208, 209.)

*Error to Denver District Court.* Hon. JOHN W. SHEAFOR, Judge.

*En banc.*

Mr. CHARLES A. IRWIN, Mr. PHILIP HORNBEIN, and Mr. O. N. HILTON, for plaintiff in error.

Mr. HENRY E. MAY, and Mr. SAMUEL D. CRUMP, for defendants in error.

Opinion by Mr. JUSTICE TELLER.

This cause is before us for review under the provisions of section 44, of an act concerning elections, approved October 17, 1910.

The petition, filed in the District Court, represented that the petitioner was the candidate of the Republican Party, duly nominated at a primary election, for the

office of District Attorney for the second judicial district; that a pretended certificate of nomination of respondent Horace G. Benson for said office of District Attorney had been filed with the respondents, The Election Commission of the City and County of Denver; that said certificate of nomination is signed by only fifty-eight persons who were at the time of such signing registered voters in said district; and that said Benson had filed with said commission his acceptance of said nomination. There were numerous other allegations which we need not now consider.

The prayer of the petition was that said certificate of nomination be ordered stricken from the files of said commission, and that the commission be restrained from placing the name of said Benson on the official ballot as a candidate for said office.

Upon the coming in of the answers, which put in issue the sufficiency of the certificate of nomination, the case was set for trial, and tried to the court.

It appears from the record that the trial court declined to pass upon several of the questions raised; and held the certificate of nomination insufficient, on the ground that it was signed by less than one hundred registered voters. In other words, the court construed the term "legal voters," as used in the statute under consideration, as meaning registered voters. It was conceded that the certificate was signed by more than one hundred legal voters, if that term was not restricted in its meaning to registered voters. Judgment was entered according to the prayer of the petition.

In support of the court's construction of the law, it is urged that the right to participate in the nomination of candidates for office, when such nomination is made at a primary election, is, by section 11 of the law in question, confined to registered voters. This, it is urged, indicates a purpose on the part of the makers of the law

to give the right of making nominations to those only who are registered voters.

We do not think such conclusion is justified. The section gives the right to vote, at a primary election, to "every person possessing the constitutional qualifications of a voter," which qualifications are then named, together with the statutory requirements as to residence in county, city, ward, and precinct; and adds the proviso:

"That every such voter shall also be properly registered, if such registration shall be required by law for primary elections."

When it is remembered that this language is used concerning elections, for the orderly and proper conduct of which registration laws have been passed, it is clear that it does no more than to make the registration laws applicable to primary elections, which this act inaugurated. Such laws do not limit the right of suffrage, or add to the constitutional qualifications of voters; nor could they do so. They merely prescribe a procedure by which frauds may be prevented and mistakes avoided on the day of election. When this purpose is recognized, the requirement that voters at the primary election be registered appears natural and proper.

No such reason exists for making the same requirement of voters who sign a certificate of nomination. The law requires each voter signing such certificate to add to his signature his place of residence, and make oath, by affidavit attached to such certificate, that he is a voter within the political division for which such nomination is made; that he has truly stated his residence; and has not voted at any primary election to nominate a candidate for such office.

This makes a *prima facie* showing that the signer is a legal voter, and is all that the occasion requires. Such an affidavit establishes a voter's qualifications in all es-

sential particulars as well as does registration. If the theory of the petitioner is correct, valid signatures, under the last quoted provision of the law, are those only of persons who, though registered, have not voted at the primary. This would greatly limit the number who might aid in the promotion of independent candidacies, which, as we shall see, the law favors.

Under the title *In Re Herman*, 96 N. Y. Supp. 144, 108 App. Div. 335, the Supreme Court of New York, Appellate Division, passed upon this question. In the opinion it is said:

"Objection is also made that the signers upon some of the petitions are not registered voters. I do not think it was the intention of the statute to require that an elector or voter should be registered in order to join in a certificate of independent nomination. And while the words "voter" and "legally qualified voter or elector" are used in different places it may be fairly said to embrace a legally qualified voter. Without necessarily including his registry at the particular election, he must be legally qualified as an elector or voter at general and special elections within his district. But if he should neglect to register, and does not think that that is a qualification of an elector as used in the Constitution and fundamental statute of the state, and unless it would clearly appear that a statute regulating the conduct of elections intending to go to the disqualification of any particular elector or class of electors, such regulation ought not to limit the constitutional right of a voter. The statute was intended for the orderly conduct of elections, and not for the purpose of preventing citizens discharging their ordinary duties. It should be so construed as to permit such voters and electors as are recognized by the Constitution to take part in all the preliminaries of an election, and it is not necessary that he should declare his intention to vote at the election, or that he should

actually intend to vote. It follows, therefore, that the objection to those signers that were not registered is not well taken.''

The Oregon Constitution provides that a named percentage of ''legal voters'' may propose an initiative measure. An ordinance of the City of Portland provided that the signatures on a petition to initiate a local measure should be verified by reference to the registration books. This requirement was held to be ''an unwarranted restriction of the right to exercise the initiative power, guaranteed by the constitution to legal voters.'' *Woodward v. Barbour,* 59 Ore. 70, 116 Pac. 101.

It is said, however, that a later Oregon case,—*State v. Billups,* 63 Ore. 277, 127 Pac. 686, 48 L. R. A. (N. S.) 308,—holds to the contrary. Such is not the fact. In that case there was involved the sufficiency of a petition for an election on the question of making the local option law apply to a specified district. It was contended that the order was insufficient because the county court found that the petition was signed by a stated number of ''legal voters,'' and not by registered voters as by law provided. The court held merely that the term ''legal voters'' did not indicate that the signers were not registered voters.

The closing paragraph of section 26 of this act,— the section which provides for nomination by a certificate,—is as follows:

''This section shall be liberally construed, so as to give independent candidates for public office every reasonable opportunity to make their candidacy effective.''

To give the term ''legal voters'' a restricted meaning, unless clearly required by the terms of the statute, would be to ignore this mandate of the law, and make it unnecessarily difficult for candidates ''to make their candidacy effective.''

The judgment is without support either in principal or precedent. It is therefore reversed, and the cause remanded with directions to dismiss.

<em>Judgment reversed.</em>

CHIEF JUSTICE GABBERT and Mr. JUSTICE GARRIGUES dissent.