No. 25470

Colorado Project-Common Cause, a non-profit corporation; Craig S. Barnes; Judy Bershof; and Jeffrey Pearson v. Byron A. Anderson, Secretary of State of the State of Colorado
(495 P.2d 218)

Decided March 9, 1972.

Lawrence A. Wright, Jr., Jeremy Shamos, for plaintiffs-appellants.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, for defendant-appellee.

*En Banc.*

## PER CURIAM

Plaintiffs brought a declaratory judgment action in the trial court seeking a declaration that C.R.S. 1963, 70-1-2 and 70-1-6 are unconstitutional as unduly restricting the right of initiative vested in the people by Article V, Section 1 of the Colorado Constitution.

We are concerned in this opinion only with the validity of section 70-1-2, and we adopt the unusual procedure of deciding the two issues raised in the appeal by separate opinions because the exigencies of time demand an immediate resolution of the problem with respect to the publication requirements of section 70-1-2. We leave for later determination the questions arising under section 70-1-6.

Section 70-1-2(1), which was passed in 1941, and has remained intact to the present day, requires, in essence, that the Secretary of State cause to be published once each week for two weeks in a legal newspaper in each county a copy of

the title and text of each proposed initiated law or amendment. This publication must be completed within 30 days after the ballot title and submission clause have been determined as required by law. Section 70-1-2(2) requires that the expense of such publication shall be paid by the persons presenting the proposed initiated law or amendment.

The trial court held that section 70-1-2(2) was unconstitutional in that it impaired and limited the initiative right reserved to the people by the Colorado Constitution. The Secretary of State does not appeal from that ruling. The Attorney General informs us in his brief that he concedes that the trial court has correctly determined that section 70-1-2(2) is unconstitutional. We agree, and we affirm the holding that section 70-1-2(2) is invalid and of no efficacy. It is well established in this state that the Legislature may not impose restrictions which limit in any way the right of the people to initiate proposed laws and amendments except as those limitations are provided in the constitution itself. *Yenter v. Baker,* 126 Colo. 232, 248 P.2d 311; *Baker v. Bosworth,* 122 Colo. 356, 222 P.2d 416.

Section 70-1-2(1) requires, as we have pointed out, publication of the proposed initiated laws and amendments. We now address ourselves to the problem of the severability of section 70-1-2(1) from section 70-1-2(2) which contains, as we have held, the unconstitutional requirement of payment for the publication by the sponsors. The trial court held the section severable, and therefore upheld the constitutionality of section 70-1-2(1). The attorney general advises us that in his opinion the sections are not severable. Again we agree, and hold that section 1 is so intertwined with Section 2, that the two are inseverable.

In determining the severability of the sections, the Court must look to legislative intent. *Denver v. Lynch,* 92 Colo. 102, 18 P.2d 907; C.R.S. 1963, 135-1-5. It is clear that in requiring publication the Legislature was concerned that payment for it should come not from the state but from the sponsors. Article V, Section 1 of the Colorado Constitution provides that in order to be placed on the ballot, at least 8%

of the legal voters shall sign the petition. Article XXIII of the Colorado Constitution provides that these bills shall be published as provided therein not less than 3 weeks nor more than 5 weeks before the election at which the initiated bills are to be voted upon. This publication is, of course, at the expense of the state. We do not believe that it was the legislative intent to require publication of proposed initiated laws and amendments in addition to that required by the Colorado Constitution, if it was incumbent upon the state to pay the publication costs.

To hold otherwise could saddle the state with an enormous liability for publishing an extensive initiated act conceivably sponsored by only three people who might never get more signatures on their petition than their own. We do not think the Legislature intended such an absurd result. We hold, therefore, that since section 70-1-2(2) is invalid, section 70-1-2(1) must also fall.

The judgment of the trial court holding C.R.S. 1963, 70-1-2(2) unconstitutional is affirmed. The judgment of the trial court holding section 70-1-2(1) valid is reversed, and the said section 70-1-2(1) is held to be invalid and of no effect.