## No. 25470

Colorado Project-Common Cause, a non-profit corporation; Craig S. Barnes; Judy Bershof; and Jeffrey Pearson v. Byron A. Anderson, Secretary of State of the State of Colorado
(495 P.2d 220)

Decided March 24, 1972.

Lawrence A. Wright, Jr., Jeremy Shamos, for plaintiffs-appellants.

4

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, for defendant-appellee.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Appellants, who were plaintiffs in the trial court, are electors of the State of Colorado, one being over twenty-one and registered, one over twenty-one and not registered, and one under twenty-one and registered. They and the organization to which they belong seek to initiate legislation pursuant to the Constitution of Colorado, Article V, Section 1. They complain that the General Assembly has seriously harmed their ability to circulate petitions for the initiative and to gain signatures therefor, by limiting the class of citizens enabled to sign and circulate initiative petitions to *registered* electors twenty-one or older, rather than qualified electors and those eighteen years or older.

Specifically, appellants urge: (1) that portions of sections 44 and 45 of chapter 133, Session Laws of Colorado 1971, which would amend C.R.S. 1963, 70-1-6 and 70-1-9 so as to allow only *registered* electors to circulate and sign petitions for initiative are unconstitutional; and (2) that that portion of C.R.S. 1963, 70-1-6 which prohibits qualified electors of ages eighteen through twenty from the initiative process is also unconstitutional in that it has been amended by Article XXVI, of the United States Constitution popularly known as the "eighteen year old amendment." We agree and reverse the judgment of the trial court insofar as it upholds the validity of sections 44 and 45 of chapter 133, Session Laws of Colorado 1971, and insofar as it denies the electors otherwise qualified the right to participate in the initiative because they are between the ages of eighteen and twenty-one.

To put the issues in their proper perspective, a few general statements are in order. Under the Colorado Constitution, all political power is vested in the people and derives

from them. Colo. Const., art. II, § 1. An aspect of that power is the initiative, which is the power reserved by the people to themselves to propose laws by petition and to enact or reject them at the polls independent of the legislative assembly. Colo. Const., art. V, § 1.

In passing, we point out again that the initiative provisions of the constitution must not be narrowly construed, but rather that they must be liberally construed to effectuate their purpose and to facilitate the exercise by electors of this most important right reserved to them by the constitution. *Yenter v. Baker,* 126 Colo. 232, 248 P.2d 311; *Baker v. Bosworth,* 122 Colo. 356, 222 P.2d 416; *see Burks v. City of Lafayette,* 142 Colo. 61, 349 P.2d 692.

The initiative provisions are expressly declared to be self-executing, and, as such, only legislation which will further the purpose of the constitutional provision or facilitate its operation, is permitted. Colo. Const., art. V, § 1; *Colo. State Civil Service Emp. Ass'n. v. Love,* 167 Colo. 436, 448 P.2d 624; *Yenter v. Baker, supra; Baker v. Bosworth, supra; Brownlow v. Wunsch,* 103 Colo. 120, 83 P.2d 775; *Town of Lyons v. City of Longmont,* 54 Colo. 112, 129 P. 198. Any legislation which directly or indirectly limits, curtails or destroys the rights given by those provisions is invalid as violative of the rights reserved by the people to themselves. *Colorado Project-Common Cause v. Anderson* 177 Colo. 402, 495 P.2d 218; *Colo. State Civil Service Emp. Ass'n. v. Love, supra; Yenter v. Baker, supra; Baker v. Bosworth, supra; Brownlow v. Wunsch, supra; Town of Lyons v. City of Longmont, supra.*

I.

Appellants' first contention is that C.R.S. 1963, 70-1-6 and 70-1-9, as amended, are inconsistent with and narrower than the provisions of Article V, Section 1 and as such must be declared unconstitutional. Article V, Section 1 states, in relevant part, as follows:

\* \* \* \*

"The first power hereby reserved by the people is the initiative, and at least eight per cent of the *legal voters* shall

be required to propose any measure by petition, * * *"
(Emphasis added.)

"* * * To each of such petitions. . . shall be attached an affidavit. . . (that) each of the persons signing said petition was at the time of signing, a *qualified elector.*" (Emphasis added.)

Prior to the enactment of chapter 133, Session Laws of 1971, the statutes permitted signing and circulating of petitions by "qualified" electors. By the 1971 amendment the legislature restricted signing and circulating to "registered" electors. In our view, the amendment unconstitutionally diminished the class of people permitted by the constitution to sign and circulate initiative petitions.

Peculiarly in point on the matter is *Benson v. Gillespie,* 62 Colo. 206, 161 P. 295. This case stands for the proposition that the term "legal voter" or "qualified elector" is not synonymous with the term "registered" elector. The court there held that legal voter means those having the qualification to vote, and that registration is not a qualification but a mechanical adjunct to the elective process which enables election officials to determine that the prospective voter has the qualification to vote on election day. That distinction was also recognized by the legislature when, in C.R.S. 1963, 49-1-4, it provided that a qualified elector is one who is legally qualified to register to vote.

It is axiomatic that there are more citizens of this state who have the qualifications to register than there are those who actually register. The statutory requirement that the signing and circulating of petitions must be by *registered electors* rather than permitting *qualified electors* to carry on these functions is therefore a limitation not authorized by the constitution and is impermissible. *Colorado Project-Common Cause v. Anderson, supra.*

## II.

Appellants next contend that the provisions of C.R.S. 1963, 70-1-6 must be construed so as to allow qualified electors of the ages of eighteen through twenty to participate in the initiative process. We agree.

The Twenty-Sixth Amendment to the United States Constitution prohibits the federal and state governments from denying the right to vote to any citizen eighteen years old or older on the basis 'of age. C.R.S. 1963, 49-1-4(4) defines an "elector" or "qualified" elector as one who is legally qualified to register to vote in Colorado. That provision, when read *in pari materia* with Article V, Section 1 and C.R.S. 1963, 70-1-6, as we must do, necessarily includes those who, under the Twenty-Sixth Amendment, are qualified to cast ballots. Any other reading of these provisions together is at variance with the constitution and cannot stand.

We are not convinced by arguments that we must distinguish between the ability of "young voters" (Section 43 of chapter 133, Session Laws of Colorado 1971 defines "young voters" as those who will be eighteen but have not attained the age of twenty-one before the next election) to vote for initiated measures, and their ability to circulate and sign initiative petitions. The attorney general has conceded that if young voters can vote for initiated measures they can also sign and circulate initiative petitions, and we concur in his opinion. It is intrinsic to our system that no statute can limit or curtail the constitutional provisions with regard to the initiative. *Colorado Project-Common Cause v. Anderson, supra; Colo. State Civil Service Emp. Ass'n. v. Love, supra; Yenter v. Baker, supra; Baker v. Bosworth, supra; Brownlow v. Wunsch, supra; Town of Lyons v. City of Longmont, supra.*

We take note of the fact that public policy, as prescribed by the United States Congress in the Twenty-Sixth Amendment, ratified by the Colorado Legislature May 24, 1971, has moved in a direction favoring full participation of young voters in the political process. They are constantly implored to enter the legitimate political arena as a means of expressing their youthful dissatisfactions. And the Congress, by the Twenty-Sixth Amendment, has opened the door to this full participation. *See Oregon v. Mitchell,* 400 U.S. 112, 91 S.Ct. 260, 27 L.Ed.2d 272; *Jolicoeur v. Mihaly,* 96 Cal.

Rptr. 697, 488 P.2d 1; *Doherty v. Meisser,* 66 Misc.2d 550, 321 N.Y.S.2d 32. We here pay heed to the intent which Congress has expressed to make it more fully possible for young voters to play an active role in the political process.

We believe that the prohibition against denying the right to vote to anyone eighteen years or older by reason of age applies to the entire process involving the exercise of the ballot and its concomitants. History and reason lead us to this conclusion. Throughout the Congressional hearings relating to Title III of the Voting Rights Act of 1970 and the Twenty-Sixth Amendment was the recurring theme of Congress' distress with youths' alienation and its hope that youths' idealism could be channelled within the political system itself. What better area for youth to express its ideals can there be than in the initiative process.

The judgment of the trial court holding valid sections 44 and 45, chapter 133, Session Laws of Colorado 1971 is reversed. The judgment of the trial court holding valid C.R.S. 1963, 70-1-6, which restricts the initiative process to those twenty-one and older is also reversed. The case is remanded to the trial court with directions to enter judgment not inconsistent with the views expressed in this opinion.