No. 25979

F. L. Francis, Gretchen Francis, Conrad R. Becker, C. W. Reitler, Edwin H. Park, Elizabeth Park Robinson, Isabelle M. Becker, and Robert O. Park v. Jean L. Rogers, City Clerk of the City of Lakewood, State of Colorado, The City of Lakewood, a Municipal corporation of the State of Colorado, Estes B. Griffith, Carolyn Bacher, and Ruth Rhodes

(514 P.2d 311)

Decided September 21, 1973.          Rehearing denied October 1, 1973

Holley, Boatright & Villano, George Alan Holley, Stephan A. Tisdel, for petitioners-appellants.

Raymond D. Johnson, City Attorney, for respondents-appellees Jean L. Rogers and the City of Lakewood.

Sonheim & Helm, Robert Sonheim, Richard L. Whitworth, for respondents-appellees Estes B. Griffith, Carolyn Bacher, and Ruth Rhodes.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal from a judgment of the Jefferson County district court declaring certain municipal referendum petitions by citizens of the City of Lakewood valid. The appellants, seeking to have this court reverse that judgment, are persons with property interests at stake. The appellees are the City of Lakewood and named officials of that city.

On July 10, 1972, the Lakewood City council adopted

Ordinance 0-72-55, thereby rezoning designated land within the city limits. On the same date, the council enacted Ordinance 0-72-83. This latter ordinance set forth initiative and referendum procedures for the City of Lakewood. With regard to the qualifications of those who could sign such petitions, the ordinance provided that a qualified elector need not be registered, must be at least 18 years of age, a citizen of the United States, and a resident of the City of Lakewood. The ordinance further mandated that each signer's address and an affidavit that the petitioner was a qualified elector be affixed to the petition. Finally, it mandated that the referendum could not be held until sixty days after the petitions were accepted by the city clerk.

Subsequently, a referendum petition drive founded on Ordinance 0-72-83 was begun in the City of Lakewood. The necessary requisite petitioners having been obtained, the petitions were submitted to the city clerk for certification. Appellants filed a timely protest, alleging the petitions were defective. A hearing was had and the petitions were accepted as valid by the city clerk. This action was then commenced in the district court. The sole issue presented to the district court was whether persons who were not registered voters at the time of signing the referendum petitions, but who were otherwise qualified electors, could sign a referendum petition relating to a municipal ordinance. The district court answered the question in the affirmative. We affirm the holding of the district court.

I.

Colo. Const. art. V, § 1, makes provision for municipal initiative and referendum powers in the following manner:

"The initiative and referendum powers reserved to the people by this section are hereby further reserved to the *legal voters* of every city, town and municipality as to all local, special and municipal legislation of every character in or for their respective municipalities. The manner of exercising said powers shall be prescribed by general laws, except that cities, towns and municipalities may provide for the manner of

exercising the initiative and referendum powers as to their municipal legislation. * * *." (Emphasis added.)

By its own terms, this section grants the initiative and referendum powers to legal voters and to the municipality the manner of exercising it. In the early case of *Benson v. Election Commission,* 62 Colo. 206, 161 P. 295 (1916), we held that "legal voter" meant "qualified elector." By that decision, we expressly rejected the view that voter registration was a prerequisite to qualification. Our reasoning then, which was correctly adopted by the district court in this case, was that registration was but one means of assuring that only those persons who were qualified to vote in the referendum would be signers of the referendum petitions. The other means available, namely, the affidavit of residency and the requirement that the party signing the petition place his address on the petition, were deemed sufficient to insure against fraud and subterfuge of the referendum process. Indeed, referring to the force of the affidavit, the *Benson* case noted:

"This makes a prima facie showing that the signer is a legal voter, and is all that the occasion requires. Such an affidavit establishes a voter's qualifications in all essential particulars as well as does registration. * * *" 62 Colo. 208-209, 116 P. 296.

In the recent decision of *Colorado Project-Common Cause v. Anderson,* 178 Colo. 1, 495 P.2d 220 (1972), we reaffirmed *Benson* when we held that it was constitutionally impermissible under Colo. Const. art. V, § 1, to require that persons signing and circulating petitions for a state-wide initiative be registered voters, rather than qualified electors. The court reiterated what we said in *Benson:*

"* * * registration is not a qualification but a mechanical adjunct to the elective process which enables election officials to determine that the prospective voter has the qualifications to vote on election day."

Thus, it cannot be argued that the failure of the ordinance and petitions to require that the signers be registered voters has any effect on the petitions' validity.

## II.

Appellants admit that the signatories met all of the requirements as electors as defined in the ordinance, but add the additional requirement that the signer must have been a resident of the City of Lakewood for 32 days *prior to signing the petition.* Otherwise, appellants contend, there is no guarantee that the signer is in fact a legal resident of Lakewood.

While we agree that 32 days is the maximum period of residency which the United States Constitution permits, *Jarmel v. Putnam,* 179 Colo. 215, 499 P.2d 603 (1972), appellants' argument conflicts with the prior holdings of this court in two respects. First, it overlooks the affidavit of residency and the effect this court has given the affidavit in the referendum process. *Benson, supra.* Moreover, appellants' method of computing the period of residency is incorrect. In *Jarmel, supra,* for example, we held that those who were otherwise qualified to vote be allowed to register as electors when they "are or *will be residents of the state for 32 days on the date of the election for which they seek to register.*" This method of computation, looking to the date of signature and then to the date of the prospective election to determine whether the durational residency requirement is satisfied, is equally applicable to a municipal referendum residency requirement. As previously mentioned, Ordinance 0-72-83 did not permit the referendum to take place until 60 days after presentation of the petitions to the city clerk. Were we to engraft the standard proposed by appellants to those already existing, one who would be fully qualified to vote on the referendum could not legally sign a petition on its behalf. We agree that it is preferable to state the actual residency requirement on the affidavit. Given the 60-day waiting period, however, it is indisputable that all petitions were signed by persons who would be eligible to register and vote *as of the date of the referendum election.* Accordingly, we hold these petitions and Ordinance 0-72-83 are constitutional.

The judgment is affirmed.