MR. JUSTICE DAY
delivered the opinion of the Court.
This appeal is from the dismissal of a Denver district court suit which challenged a ruling by the Denver Election Commission that there were insufficient signatures on petitions seeking to initiate a councilman’s recall election. We reverse and remand.
I.
Appellants originally filed a petition containing 4,017 signatures supporting the recall of Denver City Councilman Eugene DiManna. DiManna filed a protest, and the Election Commission scheduled a hearing. Appellants sought a court injunction to prevent the Election Commission from holding the hearing, but relief was denied as premature. That ruling was not appealed. Following the hearing, a number of signatures were declared invalid. Appellants then withdrew the petition, obtained additional signatures, and refiled. Following a second hearing, the Election Commission found the second petition also lacked sufficient valid signatures. The Commission ruled that 1,490 signatures were invalid because the persons signing were not registered voters at the time of signature. This finding left petitioners short of the requisite number. Other issues raised by DiManna were not *386 then resolved by the Commission because the declaration of invalidity of the petition made it unnecessary to decide them. Since those issues were not before the district court, we express no view as to their merit.
II.
Subsequent to the Commission’s ruling that the petition was insufficient, appellants filed a complaint in the Denver district court. The complaint requested judicial review of the Commission’s findings, C.R.C.P. 106(a)(4), and also that a section of the Denver City Charter, § C2.5, be declared unconstitutional, C.R.C.P. 57. That particular provision requires that persons who sign petitions for recall be registered voters. Despite the fact that the complaint clearly provided notice to all concerned parties as to the subject matter and particulars of the action, it was dismissed on motion filed by appellees for failure to state a claim. C.R.C.P. 12(b)(5).
III.
Though we are convinced the district court erred in dismissing the complaint, remand for a decision on a constitutional question is not necessary. This court can rule on the constitutionality of that portion of § C2.5 of the Denver Charter which states:
“The petition shall name the officer to be removed, and be signed by qualified, registered electors * * (Emphasis added.)
It was on this ground that the 1,490 signatures were declared invalid.
 In the recent case of Francis v. Rogers, 182 Colo. 430, 514 P.2d 311 (1973), we held that Art. V, § 1 of the Colorado Constitution, which grants initiative and referendum powers, permits a city to require only that the signer of a petition be a qualified elector. The principle at issue here, though involving a different type of initiative, mandates the same holding for the same reasons. In fact the Denver Charter provisions for initiating a recall election as set out in C2.5 and C2.6 are a part of the Charter C2.1 etseq., dealing with “Initiative, Referendum and Recall.” In Francis we retraced *387 the development of the term “legal voter” and need not repeat the discussion here. Whether the city be a home-rule city or not is immaterial. Suffice it to say that, for the reasons set forth in Francis that portion of section C2.5 is unconstitutional. We hold, therefore, that the Denver Election Commission should not have disqualified the 1,490 signatories if they were otherwise qualified though not registered.
The judgment of the district court is reversed with directions to remand the cause to the Election Commission for reconsideration of the 1,490 invalidated signatures consonant with the views expressed herein. The Commission also should proceed to hear and resolve all the issues raised by the DiManna protest. Persons aggrieved by the further action of the Commission may seek judicial review of the Commission’s findings, C.R.C.P. 106(a)(4). Declaratory judgment as to the constitutionality of other provisions of the Charter, if presented, also is properly a matter for the district court and neither action is vulnerable to a motion to dismiss.