**No. 26172**

**The People of the State of Colorado v. Nestor A. Martinez**

(540 P.2d 1091)

Decided October 6, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

Appellant was charged with two counts of first-degree assault in violation of section 40-3-202(1)(a), 1971 Perm. Supp., C.R.S. 1963,[1] and convicted of first-degree assault on count I and second-degree assault as to count II. He was sentenced to two identical terms in the county jail. The appellant seeks reversal of the judgment of conviction, contending as to count I that no "serious bodily injury" was proven and, as to count II, that second-degree assault is not a lesser included offense of first-degree assault. We disagree with both contentions and affirm.

On February 24, 1973, a fight took place at the Spanish Villa Bar in Brighton between appellant and appellant's brothers, Albert and Fernando Martinez, on the one hand, and Sena and Ramirez on the other. Fernando Martinez was the bartender of the Spanish Villa. Appellant conceded in his trial testimony that he stabbed Sena and Ramirez with a pocket-knife, but claimed that he acted in self-defense.

Sena received a small laceration on the front of his liver and the capsule covering his spleen was knocked free, causing internal bleeding. This necessitated the surgical removal of the spleen. Ramirez suffered a six-inch laceration on the left side of his neck, which transected the external jugular vein.

The information alleged that appellant, with intent to cause serious bodily injury, did unlawfully and feloniously cause serious bodily injury by means of a deadly weapon. Count I related to the assault against Sena, and count II to the assault against Ramirez.

At the close of the People's case, appellant moved for a judgment of acquittal based on the contention that the People had failed to prove a prima facie case of "serious bodily injury" as to both counts. The court denied appellant's motion but reduced the charge on count II to second-degree assault, basing its ruling on its finding that the People had failed to prove "serious bodily injury" as to count II.

"Serious bodily injury" is an element of first-degree assault, which the People must prove beyond a reasonable doubt, and is defined as

". . .bodily injury which involves a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body."

---

[1]Now section 18-3-202(1)(a), C.R.S. 1973. Subsequent references will be to the 1973 compilation.

Section 18-1-901(3)(p), C.R.S. 1973.

Appellant argues that the loss of Sena's spleen was not a "serious bodily injury" because there was no "substantial risk of death" upon his immediate hospitalization, and because the spleen is a useless organ after adolescence and therefore should not be considered in determining "serious bodily injury."

Dr. McGrath, who treated Sena on the night of the incident, testified that there was a substantial risk of death from the wound due to the bleeding. She further testified that once treated in the hospital the wound presented only a "risk of death" which could not qualify as substantial.

The quantum of risk involved is to be determined as of the time of the act, not at some point later in time. We look to the moment of the assault to determine the amount of risk to which Sena was subjected. Under this test, the People established a prima facie case of "serious bodily injury."

The appellant, as his second ground for reversal, alleges that the trial court erred in ruling as to count II that second-degree assault is a lesser included offense of first-degree assault.

The appellant's argument:

"The requisite intent in first degree assault is 'specific intent to cause serious bodily injury.' The requisite intent in second degree assault, however, is 'specific intent to cause bodily injury to another person.'"

In support of his argument, appellant cites *People v. Futamata*, 140 Colo. 233, 343 P.2d 1058 (1959). We agree with appellant that *Futamata* is the law. On several occasions we have reaffirmed the *Futamata* rule. An example is *Daniels v. People*, 159 Colo. 190, 411 P.2d 316 (1966), in which we said:

"* * *[T]he greater offense includes a lesser offense when the establishment of the essential elements of the greater necessarily establishes all of the elements required to prove the lesser. * * *"

The appellant in his argument overlooked a material portion of the first-degree assault statute. When the pertinent provisions of the first and second-degree statutes are placed parallel to one another, it is obvious that the establishment of "the essential elements of the greater necessarily establishes all of the elements required to prove the lesser."

**First-degree** (18-3-202)

"(1)   A person commits the crime of assault in the first degree if:

"(a)   With intent to cause serious bodily injury to another person, he causes serious injury to any person by means of a deadly weapon; ***"

**Second-degree** (18-3-203)

"(1)   A person commits the crime of assault in the second degree if:

"(a)   With intent to cause *serious bodily injury* to another person, he does cause such injury to any person; or

"(b)   With intent to cause *bodily injury* to another person, he causes or attempts to cause such injury to any person by means of a deadly weapon; ***" [Emphasis added.]

The only difference in first and second-degree under (a) is that in first-degree assault the *serious bodily injury* must be "by means of a deadly weapon," whereas under second-degree the cause of *serious bodily injury* may be by any means. It does not require a sophisticated analysis to recognize that the greater offense includes all of the elements required to prove the lesser.

The same is true under (b) of second-degree, except that the degree of "injury" is less for second-degree assault.

Section 18-1-901, C.R.S. 1973, the definition section, differentiates between "Bodily injury" and "Serious bodily injury." It states:

"(c) 'Bodily injury' means physical pain, illness, or any impairment of physical or mental condition.

\* \* \* \*

"(p) 'Serious bodily injury' means bodily injury which involves a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body."

■ The basic element is injury to a person's body, the difference being one of the degree of the injury. The means of committing the injury under second-degree assault (b) is identical to first-degree assault. It is too obvious to require further discussion that by establishing all of the essential elements of first-degree assault, all of the essential elements of second-degree assault would necessarily be proven. This brings the instant situation squarely within the terms of the lesser included offense rule as delineated in *People v. Futamata*, 140 Colo. 233, 343 P.2d 1058 (1959), and its progeny.

The contention of appellant that the trial court erred in giving instructions on second-degree assault as a lesser included offense has no merit for the reasons set forth above.

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.