The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Duc NGUYEN, Defendant–Appellee.

No. 94SA317.

Supreme Court of Colorado, En Banc.

June 26, 1995.

Rehearing Denied Aug. 21, 1995.

David J. Thomas, Dist. Atty., Donna Skinner Reed, Chief Appellate Deputy Dist. Atty., Golden, for plaintiff-appellant.

David F. Vela, State Public Defender, Karen M. Gerash, Deputy State Public Defender, Denver, for defendant-appellee.

Justice MULLARKEY delivered the Opinion of the Court.

The People appeal an order of the district court vacating two of defendant Duc Nguyen's convictions of second degree assault on grounds that the section of the second degree assault statute under which he was convicted, section 18–3–203(1)(b), 8A C.R.S. (1986), violates constitutional equal protection guarantees.[1] U.S. Const. Amend. XIV; Colo. Const. art. II, § 25. The People and Duc Nguyen agree that the district court erred in striking the substantive portion of the statute and vacating the convictions. They also agree that the case must be remanded for resentencing. However, they disagree on the portion of the statute that should be severed to cure the constitutional defect. We hold that the appropriate remedy is to strike the mandatory crime of violence sentencing provision under section 18–3–203(2)(c) as it applies to attempted second degree assault under subsection (1)(b) and remand the case for resentencing as a class 4 felony.

## I.

On July 7, 1992, Duc Nguyen participated in a "drive by" shooting in Jefferson County during which he fired a semi-automatic firearm in the general direction of three teenaged boys, Binny Quintana, Michael Peterson, and Jason Smith. One bullet struck Michael Peterson in the ankle. The other two boys were not injured.

A jury found Duc Nguyen guilty of attempted manslaughter[2] and three counts of second degree assault.[3] The court sentenced

---

1. The people appeal directly to this court pursuant to section 13–4–102(1)(b), 6A C.R.S. (1987 & 1994 Supp.), section 16–12–102, 8A C.R.S. (1994 Supp.), and C.A.R. 3.

2. "A person commits the crime of manslaughter if ... [h]e recklessly causes the death of another person." § 18–3–104(1)(a), 8B C.R.S. (1995 Supp.). Pursuant to the general criminal intent statute:

   A person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense.
   § 18–2–101(1), 8B C.R.S. (1986).

3. "A person commits the crime of assault in the second degree if ... [w]ith intent to cause bodily injury to another person, he *causes* or *attempts to cause* such injury to any person by means of a deadly weapon; ...."

   § 18–3–203(1)(b), 8B C.R.S. (1986) (emphasis added).

Duc Nguyen to four years in the Department of Corrections for attempted manslaughter; fourteen years for second degree assault on Michael Peterson; ten years for second degree assault on Binny Quintana; and ten years for second degree assault on Jason Smith. The three sentences for second degree assault were to run consecutively to each other and concurrently with the four-year sentence for attempted manslaughter.

Duc Nguyen appealed his convictions to the court of appeals and then filed a motion with the court of appeals for limited remand to the district court for consideration of a Crim.P. 35(c) motion. The Crim.P. 35(c) motion requested that the district court vacate his convictions for second degree assault on Quintana and Smith or resentence him for the two convictions in the presumptive range for class 5 felonies on grounds that the statute under which he was convicted violated equal protection. The court of appeals granted the motion for limited remand.

On limited remand, the trial court found section 18–3–203(1)(b), under which Duc Nguyen was convicted, to be a violation of equal protection guarantees under the United States and Colorado Constitutions because the statute imposed more severe penalties for attempted second degree assault[4] than for the more severe crime of attempted first degree assault. On a second limited remand from the court of appeals to grant "relief as the trial court deems appropriate," the trial court vacated Duc Nguyen's two convictions for attempted second degree assault.

On appeal to this court, the People concede that the second degree assault statute violates equal protection guarantees. Likewise, Duc Nguyen concedes that the district court improperly vacated his convictions. The parties disagree on what portion of the statute must be severed to cure the constitutional defect.

## II.

■ We agree with the parties that the second degree assault statute violates constitutional equal protection guarantees. While we have held that it is the prerogative of the legislature "to establish the penalties which are to apply to particular criminal offenses," *People v. Bramlett*, 194 Colo. 205, 210, 573 P.2d 94, 97 (1977), "[e]qual protection requires that statutory classifications of crimes be based on differences that are real in fact and are reasonably related to the purposes of the legislation." *People v. Weller*, 679 P.2d 1077, 1082 (Colo.1984). A legislative scheme that causes an offender who acts with less culpable intent and who causes the less grievous result to receive the greater penalty is "constitutionally infirm." *Smith v. People*, 852 P.2d 420, 422 (Colo.1993).

■ The statute under which Duc Nguyen was convicted and sentenced creates such an unconstitutional result. Section 18–3–203 provides:

(1) A person commits the crime of assault in the second degree if:

.    .    .    .    .

(b) With intent to cause bodily injury to another person, he *causes* or *attempts to cause* such injury to any person by means of a deadly weapon;

. . . .

(2)(b) If assault in the second degree is committed without [heat of passion], it is *a class 4 felony.*

(c) If a defendant is *convicted of assault in the second degree pursuant to paragraph (a), (b), (c), (d), or (g) of subsection (1) of this section, the court shall sentence the defendant in accordance with the provisions of section 16–11–309, C.R.S.*

§ 18–3–203, 8B C.R.S. (1986 & 1994 Supp.) (emphasis added).[5] Section 16–11–309 requires that:

Any person convicted of a crime of violence shall be sentenced pursuant to section 18–1–105(9), C.R.S. to a term of incarceration

---

4. We will refer to an attempt to cause bodily injury by means of a deadly weapon as "attempted second degree assault," even though it is a form of second degree assault pursuant to section 18–3–203(1)(b).

5. Subsection (b) is the only subsection that includes attempt within its definition of second degree assault.

of *at least the midpoint of the presumptive range, but not more than twice the maximum term,* provided for such offense in section 18–1–105(1)(a), C.R.S.

§ 16–11–309(1), 8A C.R.S. (1994 Supp.) (emphasis added). Pursuant to section 18–1–105(1)(a)(IV), a class 4 felony is subject to a presumptive penalty range from two to eight years. Thus, the presumptive sentencing range for attempted second degree assault with a deadly weapon is five to sixteen years.

In contrast, attempted first degree assault is subject to a presumptive sentencing range of two to eight years. The first degree assault statute provides:

A person commits the crime of assault in the first degree if:

(a) With *intent to cause serious bodily injury* to another person, he *causes serious bodily injury* to any person by means of a deadly weapon;

. . . . .

(2)(b) If assault in the first degree is committed without [heat of passion], it is a *class 3 felony.*

(c) If a defendant is convicted of assault in the first degree *pursuant to paragraph (a),* (c), (e), (e.5) or (f) of subsection (1) of this section, *the court shall sentence the defendant in accordance with the provisions of section 16–11–309, C.R.S.*

§ 18–3–202, 8B C.R.S. (1986 & 1994 Supp.) (emphasis added).

Since this statute does not include attempt within the definition of the crime of first degree assault, attempted first degree assault falls under the general criminal attempt statute, section 18–2–101. Section 18–2–101 provides:

(1) A person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense.

. . . . .

(4) Criminal attempt to commit a class 1 felony is a class 2 felony; criminal attempt to commit a class 2 felony is a class 3 felony; *criminal attempt to commit a class 3 felony is a class 4 felony;* criminal attempt to commit a class 4 felony is a class 5 felony; criminal attempt to commit a class 5 or 6 felony is a class 6 felony.

§ 18–2–101, 8B C.R.S. (1986 & 1994 Supp.) (emphasis added). A person convicted of attempted first degree assault thus would be subject to sentencing within the presumptive range of two to eight years for a class 4 felony pursuant to section 18–1–105(1)(a)(IV).

■ Under this statutory scheme, the sentencing range for attempt to commit *serious* bodily injury with a deadly weapon (two to eight years) is less than the range for attempt to commit bodily injury with a deadly weapon (five to sixteen years). Accordingly, the second degree assault statute, section 18–3–203, violates equal protection guarantees because it imposes a harsher penalty for less serious criminal conduct than does the first degree assault statute, section 18–3–202.

■ When a statutory provision is found to be unconstitutional,

the remaining provisions of the statute are valid, unless it appears to the court that the valid provisions of the statute are so essentially and inseparably connected with, and so dependent upon, the void provision that it cannot be presumed the legislature would have enacted the valid provisions without the void one; or unless the court determines that the valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

§ 2–4–204, 1B C.R.S. (1980).[6] Furthermore, "[i]n determining the severability of the sections of a statute, the court must look to legislative intent." *Colorado Project–Common Cause v. Anderson,* 177 Colo. 402, 404, 495 P.2d 218, 219 (1972). The disputed issue in this case is which provision of the statute must be severed to remedy the constitutional defect.

**6.** Unless the statute contains a special severability provision, where a statute is unconstitutional we apply the general severability provision, § 2–4–204. *People v. Vinnola,* 177 Colo. 405, 414, 494 P.2d 826, 830 (1972).

The People argue that the appropriate treatment of the second degree assault statute is to strike the crime of violence sentencing provision as it applies to attempted second degree assault under section 18–3–203(1)(b). This solution would make attempted second degree assault under section 18–3–203(1)(b) a class 4 felony subject to the same presumptive range of penalty as attempted first degree assault. Duc Nguyen disagrees and argues that the equal protection violation remains if both offenses are subject to the same punishment because attempted second degree assault is a less serious offense. He contends that the "only constitutional construction of subsection (1)(b) is to strike the attempt language from the substantive provision, and to sentence Duc Nguyen in accordance with the general attempt statute which authorizes a reduction in the class of felony for which he stands convicted."

We find that either proposal would cure the constitutional defect. In *Smith*, we held that "when an offender who acts with a less culpable intent may receive a greater penalty than the offender who acts with a greater culpable intent, such a statutory scheme is 'unreasonably structured' and 'constitutionally infirm,' even though the two offenses result in the same harm." *Smith*, 852 P.2d at 422. On this basis, we struck down an earlier version of the sentencing provision of the second degree assault statute because it required enhanced "crime of violence" sentencing when an offender acted with intent to cause bodily injury but not when an offender acted with intent to cause *serious* bodily injury. *Id.; see also People v. Blizzard*, 852 P.2d 418, 419 (Colo.1993).

■ However, we consistently have held that where the legislature provides the *same* penalty for different crimes, or the same penalty for the same crime with alternate culpability requirements there is no equal protection violation. *People v. Cowden*, 735 P.2d 199, 201 (Colo.1987); *People v. Aragon*, 653 P.2d 715, 719 (Colo.1982). In our view, "alternative culpability elements ... represent a legislative judgment that ... the act is equally heinous in the eyes of the law and deserving of similar punishment." *Aragon*,

653 P.2d at 719. Therefore, it is the legislature's prerogative to punish different crimes with the same penalty, but it may not punish a more serious crime with a less severe penalty.

■ Under our prior cases, then, both the proposal by the People and the proposal by Duc Nguyen cure the constitutional defect in the instant statutory scheme. The remedy proposed by Duc Nguyen would strike the attempt language from section 18–3–203(1)(b) so that, by operation of the general criminal attempt statute, the offense of attempted second degree assault would be subject to a lesser penalty (class 5 felony range) than the more culpable offense of attempted first degree assault (class 4 felony range). The remedy proposed by the People would strike the crime of violence sentencing for attempted assault under section 18–3–203(1)(b) so that the two offenses would be subject to the same presumptive penalty range, *i.e.*, class 4 felony range. Thus, either solution would create a constitutional result.

Nevertheless, the People's approach is supported by our earlier cases that have addressed the constitutionality of the second degree assault statute. It is also more consistent with legislative intent.

Striking the application of enhanced, crime of violence sentencing is consistent with the remedy we selected in *Smith*. In *Smith*, as here, the version of the second degree assault statute at issue violated equal protection because it required enhanced "crime of violence" sentencing when an offender acted with intent to cause bodily injury while enhanced sentencing was not required when an offender acted with intent to cause *serious* bodily injury. To cure the constitutional violation in *Smith* we severed the crime of violence sentencing provision rather than striking any part of the substantive definition of the crime. *See* 852 P.2d at 422.

Furthermore, to strike the attempt language from section 18–3–203(1)(b) would be inconsistent with our holding in *Weller*. In *Weller*, we upheld section 18–3–203(1)(b) against an equal protection challenge similar to the one posed by Duc Nguyen in this case. The defendant argued that section 18–3–

203(1)(b) subjected an offender to a greater penalty than if he had been convicted of attempted second degree assault pursuant to the general criminal attempt statute and section 18–3–203(1)(a), which did not include attempt in its definition of second degree assault.[7] We disagreed and held that "[i]t is certainly within the legislative prerogative to punish attempted assault with a deadly weapon more severely than an attempt to cause serious bodily injury without a deadly weapon." *Weller*, 679 P.2d at 1083. As discussed earlier, it is likewise within the legislative prerogative to impose the *same* punishment for attempt to commit serious bodily injury and attempt to commit bodily injury. Therefore, we find that it would be inconsistent with *Weller* to strike the attempt language from section 18–3–203(1)(b) on equal protection grounds.

Finally, to strike the attempt language from section 18–3–203(1)(b) would be contrary to legislative intent. "When a statute is amended, the judicial construction previously placed upon the statute is deemed approved by the General Assembly to the extent that the provision remains unchanged." *Rauschenberger v. Radetsky*, 745 P.2d 640, 643 (Colo.1987); *see also* § 2–4–208 ("A statute which is reenacted, revised, or amended is intended to be a continuation of the prior statute and not a new enactment, insofar as it is the same as the prior statute."). Since *Weller*, the second degree assault statute has been amended seven times [8] without modification to subsection (1)(b) or the inclusion of attempt in any other subsection of the second degree assault statute. Because the legislature has declined to modify the statute, we conclude that the legislature intended that attempt to commit bodily injury with a deadly weapon be sentenced pursuant to subsection (1)(b) rather than pursuant to the general criminal attempt

statute as are all forms of attempted first degree assault under section 18–3–202 and all other forms of second degree assault under section 18–3–203.

For the forgoing reasons, we agree with the People that the appropriate cure for the constitutional infirmity of section 18–3–203 is to strike the crime of violence sentencing under subsection (2)(c) as it applies to attempted second degree assault.

### III.

In conclusion, we affirm the district court's holding that section 18–3–203 violates the equal protection guarantees of the Colorado and United States Constitutions. However, we reverse the district court's judgment vacating Duc Nguyen's two convictions for attempted second degree assault and remand the case for resentencing consistent with this opinion.

Justice LOHR dissenting:

This case requires us to determine the appropriate remedy for the equal protection violation that results from a statutory scheme that authorizes a more severe sentence for attempt to cause bodily injury with a deadly weapon than for attempt to cause serious bodily injury with a deadly weapon. The majority elects a remedy that classifies both of these crimes as class 4 felonies and therefore results in the same authorized sentencing range for each. In order to recognize that attempt to cause serious bodily injury with a deadly weapon is a more serious crime than attempt to commit bodily injury with a deadly weapon, I would elect a remedy that categorizes the former offense as a class 4 felony and the latter as a class 5 felony. Accordingly, I respectfully dissent to the majority opinion.

---

7. Subsection (1)(a) was repealed effective July 1, 1994. *See* Ch. 287, sec. 8, § 18–3–203(1)(a), 1994 Colo.Sess.Laws 1717. It provided:

(1) A person commits the crime of assault in the second degree if:
(a) With intent to cause serious bodily injury to another person, he does cause such injury to any person; ....
§ 18–3–203(1)(a) (1986).

8. Ch. 138, sec. 3, § 18–3–203(2)(c), 1986 Colo. Sess.Laws 776–77; Ch. 144, sec. 2, § 18–3–203(1)(f), 1986 Colo.Sess.Laws 789; Ch. 125, sec. 4; § 18–3–203(2)(c), 1988 Colo.Sess.Laws 717; Ch. 128, sec. 9, § 18–3–203(1)(f), 1990 Colo.Sess.Laws 986; Ch. 130, sec. 2, § 18–3–203(1)(f), 1990 Colo.Sess.Laws 992; Ch. 73, sec. 9, §§ 18–3–203(2)(a) & (2)(c), 1991 Colo.Sess. Laws 405; Ch. 287, sec. 8, § 18–3–203(1)(a), 1994 Colo.Sess.Laws 1717.

## I.

The majority opinion adequately sets forth the facts and procedural background of this case, and I will not repeat them.

The defendant was convicted of two counts of second degree assault under the provision of section 18–3–203 proscribing an attempt to cause *bodily injury* to another person by means of a deadly weapon. § 18–3–203(1)(b), 8B C.R.S. (1986). This offense, absent heat of passion, constitutes a class 4 felony, § 18–3–203(2)(b), 8B C.R.S. (1986), and requires sentencing under the mandatory crime of violence provision prescribed in section 16–11–309, 8A C.R.S. (1986 & 1994 Supp.). *See* § 18–3–203(2)(c), 8B C.R.S. (1994 Supp.). As the majority notes, the sentencing range for such an offense is five to sixteen years. Maj. op. at 40.

The first degree assault statute proscribes, among other conduct, causing *serious bodily injury* to another person by means of a deadly weapon. § 18–3–202(1)(a), 8B C.R.S. (1986) (emphasis added). Absent heat of passion, first degree assault is a class 3 felony. § 18–3–202(2)(b), 8B C.R.S. (1986). Attempt to commit first degree assault is proscribed under the general criminal attempt statute, § 18–2–101, 8B C.R.S. (1986 & 1994 Supp.), and is a class 4 felony, § 18–2–101(4). The sentencing range for attempt to commit first degree assault is two to eight years. *See* maj. op. at 40.

As the majority acknowledges, "[u]nder this statutory scheme, the sentencing range for attempt to commit *serious* bodily injury with a deadly weapon (two to eight years) is less than the range for attempt to commit bodily injury with a deadly weapon (five to sixteen years)." Maj. op. at 40. I agree with the majority—and the prosecution concedes—that for this reason, section 18–3–203(1)(b) violates the equal protection guarantees of both the United States Constitution and the Colorado Constitution because it authorizes imposition of a more severe penalty for conduct that is less serious than conduct constituting attempted first degree assault.

## II.

As a remedy for the equal protection violation, the trial court vacated the defendant's two convictions for second degree assault that were based on attempt. The prosecution asserts, and the defendant concedes, that this remedy was improper. Our task is to determine the provision of the second degree sexual assault statute that must be severed to cure the constitutional defect, and to direct resentencing as appropriate.[1]

The relevant portions of the second degree assault statute are as follows:

(1) A person commits the crime of assault in the second degree if:

.      .      .      .      .

(b) With intent to cause bodily injury to another person, he *causes* or *attempts to cause* such injury to any person by means of a deadly weapon;

. . . .

(2)(b) If assault in the second degree is committed without [heat of passion], it is *a class 4 felony.*

(c) If a defendant is *convicted of assault in the second degree pursuant to paragraph* (a), *(b),* (c), (d), or (g) of subsection (1) of this section, *the court shall sentence the defendant in accordance with the provisions of section 16–11–309, C.R.S.*

§ 18–3–203, 8B C.R.S. (1986 & 1994 Supp.) (emphasis added). Section 16–11–309, 8A C.R.S. (1994 Supp.), to which reference is made in section 18–3–203(2)(c), provides, as relevant here:

Any person convicted of a crime of violence shall be sentenced pursuant to section 18–1–105(9), C.R.S., to a term of incarceration

---

1. In determining the severability of a statutory provision in the absence of specific language in the statute itself, we are guided by § 2–4–204, 1B C.R.S. (1980), which states:

If any provision of a statute is found by a court of competent jurisdiction to be unconstitutional, the remaining provisions of the statute are valid, unless it appears to the court that the valid provisions of the statute are so essentially and inseparably connected with, and so dependent upon, the void provision that it cannot be

presumed the legislature would have enacted the valid provisions without the void one; or unless the court determines that the valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

The parties agree, as does the majority and as do I, that severance is an appropriate remedy in this case. It is the identification of the language to be severed that is at issue.

of *at least the midpoint in the presumptive range, but not more than twice the maximum term,* provided for such offense in section 18–1–105(1)(a), C.R.S.

The majority strikes the crime of violence sentencing provision in section 18–3–203(2)(c) as it applies to attempts to cause bodily injury under section 18–3–203(1)(b), thus making a conviction for second degree assault based on such conduct a class 4 felony not subject to enhanced sentencing as a crime of violence. *See* maj. op. at 41, 42. The remedy I would adopt is to strike the words "or attempts to cause" from section 18–3–203(1)(b). An attempt to cause bodily injury would then be punishable under the general attempt statute, § 18–2–101, 8B C.R.S. (1986 & 1994 Supp.), and would constitute a class 5 felony under subsection (4) of that latter statute, which makes criminal attempt to commit a class 4 felony—here, second degree assault—a class 5 felony. *See* maj. op. at 40 (quoting from § 18–2–101).

We have recognized that it is within the legislative prerogative to determine that different crimes or crimes involving alternative culpability requirements are equally serious and can be placed in the same felony class without violating the constitutional right to equal protection. *People v. Cowden,* 735 P.2d 199, 201 (Colo.1987); *People v. Aragon,* 653 P.2d 715, 718 (Colo.1982).[2] In the present case, however, there is no legislative determination that second degree assault involving *attempt to cause bodily injury* by means of a deadly weapon and attempt to commit first degree assault, which involves *attempt to cause serious bodily injury* by such means are equally reprehensible. In fact, as earlier discussed, the legislature prescribed a more severe sentencing range for the less serious criminal conduct, thereby creating the very equal protection violation we are called upon to remedy.[3]

Moreover, the difference between the criminal conduct involved in the second degree assault offense at issue here and in attempted first degree assault is limited to the seriousness of the result that the actor intends and attempts. In order to commit second degree assault under section 18–3–203(1)(b), the actor must intend and attempt to cause *bodily injury.* In order to commit attempted first degree assault under section 18–3–202 and 18–2–101 the actor must intend and attempt to cause *serious bodily injury.* The only distinction between the two crimes is the severity of the intended and attempted bodily injury to the victim. *See, e.g., People v. Martinez,* 189 Colo. 408, 411, 540 P.2d 1091, 1094 (1975) (differentiating between first and second degree assault by recognizing that "[t]he basic element is injury to a person's body, the difference being one of the degree of the injury"). All the other elements of the two offenses are the same.

The legislature has defined serious bodily injury to encompass consequences much more severe than bodily injury. The terms are defined as follows:

(c) "Bodily injury" means physical pain, illness, or any impairment of physical or mental condition.

. . . .

(p) "Serious bodily injury" means bodily injury which, either at the time of the actual injury or at a later time, involves a substantial risk of death, a substantial risk of serious permanent disfigurement, a substantial risk of protracted loss or impairment of the function of any part or organ of the body, or breaks, fractures, or burns of the second or third degree.

§ 18–1–901, 8B C.R.S. (1986 & Supp.1994).

We have not been called upon to determine whether two crimes identically defined except for the inclusion of *bodily injury* as an element in one and *serious bodily injury* as

---

**2.** This legislative discretion is tempered, however, by the principle that "[e]qual protection requires that statutory classifications of crimes be based on differences that are real in fact and are reasonably related to the purposes of the legislation." *People v. Weller,* 679 P.2d 1077, 1082 (Colo.1984); *accord People v. Torres,* 848 P.2d 911, 913–14 (Colo.1993); *People v. Fuller,* 791 P.2d 702, 705 (Colo.1990). *See* maj. op. at 39.

**3.** Contrary to the majority, I do not find legislative intent concerning the sentencing range to be helpful. *See* maj. op. at 42. Certainly the legislature intended to adopt the sentencing scheme that we find to violate equal protection. The issue is the remedy to be chosen when the legislative intent cannot be implemented because of equal protection principles.

an element in another can be assigned the same felony class, so that prescribed sentencing ranges are the same, without violating equal protection.[4] The majority discovers no equal protection defect in such a scheme. I do not find it necessary to reach this issue.

Even assuming that the remedy selected by the majority is constitutionally sufficient, I would not adopt it. In order to select a remedy that achieves a just and reasonable result, there should be a differentiation between the penalties for these two crimes commensurate in some degree with the differences in the severity of the intended and attempted bodily injury that is the sole feature distinguishing them. *See Smith*, 852 P.2d at 422 (differences in sentencing classifications for crimes must be rationally based upon the variety of evil proscribed); *People v. Torres*, 848 P.2d 911, 913 (Colo.1993) (classifications of persons under criminal law must be. reasonable and not arbitrary); *People v. Fuller*, 791 P.2d 702, 705 (Colo.1990) (statutory classifications of crimes must be based on substantial differences and reasonably related to purposes of legislation); § 18–1–102(1)(c), 8B C.R.S. (1986) (Colorado Criminal Code is to be construed "[t]o differentiate on reasonable grounds between serious and minor offenses, and prescribe penalties which are proportionate to the seriousness of offenses...."). *Cf.* § 2–4–201(1)(c), 1B C.R.S. (1980) (in enacting a statute it is assumed that a just and reasonable result is intended); § 2–4–203(1)(e), 1B C.R.S. (1980) (in construing an ambiguous statute, a court may consider the consequences of a particular construction).

In order to effectuate the legislature's clear differentiation between serious bodily injury and bodily injury and to effect a just and reasonable result consistent with that differentiation, I would strike the phrase "or attempts to cause" from section 18–3–203(1)(b), which would reduce the second degree assault convictions that are based on attempt from class 4 felonies to class 5 felonies by operation of section 18–2–101, the criminal attempt statute. I would then remand the case to the trial court with directions to resentence the defendant within the class 5 felony range on each of his two second degree assault convictions that are based on attempt. Accordingly, I respectfully dissent to the majority opinion.

ERICKSON and KIRSHBAUM, JJ., join in this dissent.

---

**4.** In *Smith v. People*, 852 P.2d 420, 422 (Colo. 1993), we struck down a sentencing provision requiring an enhanced sentence for intentionally causing bodily injury but not for intentionally causing serious bodily injury, and classifying both offenses as class 4 felonies. We did not address the constitutional sufficiency of the statutory provisions remaining after striking the enhancement provision, but simply remanded for resentencing. *Smith*, therefore, is not dispositive of the equal protection sufficiency of such a scheme, and it presented no issue concerning selection between alternate provisions for severance in order to maintain constitutional suffi-

ciency. Therefore, I do not ascribe to *Smith* the same significance as does the majority. *See* maj. op. at 41.

Likewise, in *People v. Weller*, 679 P.2d 1077, 1082–83 (Colo.1984), we upheld § 18–3–203(1)(b) against an equal protection attack. Finding no equal protection violation, we were not required to adopt a remedy. The equal protection attack in the present case, however, was successful and the issue is the remedy to be adopted. Contrary to the majority, I do not find *Weller* to be of assistance in resolving this question. *See* maj. op. at 41–42.