**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Sharon GALLEGOS, Defendant–Appellee.**

**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Roy Damian MITCHELL, Defendant–Appellee.**

**Nos. 95SA50, 94SA444.**

Supreme Court of Colorado,
En Banc.

Oct. 10, 1995.

Rehearing Denied (Mitchell) Nov. 14, 1995.

G.F. Sandstrom, District Attorney, Tenth Judicial District, M. Katherine Howard, Deputy District Attorney, Pueblo, for Plaintiff-Appellant.

No appearance on behalf of Sharon Gallegos.

David F. Vela, State Public Defender, Karen M. Gerash, Deputy State Public Defender, Denver, for Roy Damian Mitchell.

Justice MULLARKEY delivered the Opinion of the Court.

We have consolidated for opinion two cases, *People v. Gallegos*, No. 95SA50, and *People v. Mitchell*, No. 94SA444, because they raise identical issues. The People seek review of the trial court orders in both cases which dismissed the second degree assault charges against Gallegos and Mitchell, the defendants, on grounds that section 18–3–203(1)(b), 8B C.R.S. (1986), violates equal protection guarantees.[1] We reverse the judgments of the trial court and remand the cases with directions.

The People allege the following facts in *Gallegos* and *Mitchell*. In *Gallegos*, Sharon Mercy Gallegos, the defendant, verbally and physically attacked the victim, Kim Mansfield, at Mansfield's apartment. After Gallegos left the apartment, Mansfield walked across the street to a convenience store to call the police. Gallegos, who was then driving her car, attempted to run over Mansfield.

Gallegos was charged with one count of assault in the second degree in violation of section 18–3–203(1)(b) for an attempt to commit bodily harm. On February 3, 1995, the trial court granted Gallegos' motion to dismiss based on equal protection grounds.

In *Mitchell*, Thomas B. Luxton, a Pueblo police officer, received a report that a passenger in a silver or gray pickup truck leaned out of the passenger-side window with a rifle and shot at a blue Grand Prix. After further investigation, Officer Luxton learned that Robert Phillips was the driver of the truck and Roy Damian Mitchell, the defendant, was the passenger in the truck.

Mitchell was charged with two counts of assault in the second degree in violation of section 18–3–203(1)(b) for an attempt to commit bodily harm. On December 12, 1994, the trial court granted Mitchell's amended motion to dismiss based on equal protection grounds.

*People v. Duc Nguyen*, 900 P.2d 37 (Colo. 1995), is dispositive of the issue in both cases. There, this court held that a portion of the second degree assault statute violates constitutional equal protection guarantees because a more severe sentence is required for attempt to commit bodily injury than is required for attempt to commit *serious* bodily injury. We concluded that the constitutional violation could be remedied by (1) severing the mandatory crime of violence sentencing provision under section 18–3–203(2)(c) as it applies to attempted second degree assault under section 18–3–203(1)(b), and (2) remanding the case for sentencing of the defendant for commission of a class 4 felony.

Accordingly, applying that decision to *Gallegos* and *Mitchell*, we find that the trial court erred in both cases when it granted the defendants' motions to dismiss. In each case, the second degree assault charge should be reinstated as a class 4 felony.

Hence, the trial court's judgments granting the defendants' motions to dismiss based on equal protection grounds in both cases are reversed and the cases are remanded to the trial court for further proceedings consistent with this opinion.

LOHR, J., dissents, and ERICKSON and KIRSHBAUM, JJ., join in the dissent.

KIRSHBAUM, J., dissents.

Justice LOHR dissenting:

These cases require us to revisit the question of the appropriate remedy for the constitutional violation inherent in section 18–3–203, 8B C.R.S. (1986), the second degree assault statute under which the defendants are charged. The majority correctly notes the applicability of this court's recent deci-

---

1. The People appeal directly to this court pursuant to section 13–4–102(1)(b), 6A C.R.S. (1987 & 1994 Supp.), section 16–12–102, 8A C.R.S. (1994 Supp.), and C.A.R. 3.

sion in *People v. Duc Nguyen,* 900 P.2d 37 (Colo.1995), to the issues in the present cases. In *Duc Nguyen,* we held that section 18–3–203 "violates equal protection guarantees because it imposes a harsher penalty for less serious criminal conduct than does the first degree assault statute." *Id.* at 40. However, the determinative issue, identical in *Duc Nguyen* and the present cases, is not the conceded unconstitutionality of the statute but rather the appropriate approach to remedy this constitutional violation. In *Duc Nguyen,* this court determined that the statute could be made constitutional by (1) severing the mandatory crime of violence sentencing provision under section 18–3–203(2)(c) as it applies to attempted second degree assault under section 18–3–203(1)(b), and (2) remanding the case for sentencing of the defendant for commission of a class 4 felony. I dissented to the court's opinion in *Duc Nguyen,* 900 P.2d at 42 (Lohr, J., dissenting) and, because I continue to believe this remedy to be inappropriate, I respectfully dissent from the majority's holding in the present cases as well.

As I noted in *Duc Nguyen,* the majority's choice of remedies subjects less culpable criminal behavior—i.e., attempted second degree assault requiring only an attempt to cause bodily injury—to potential punishment equal to that assessable for acts involving a higher level of culpability—i.e., attempted first degree assault requiring an attempt to cause *serious* bodily injury. 900 P.2d at 44 (Lohr, J., dissenting). This system does not produce a just and equitable result because it fails to effectuate the legislature's explicit distinction between bodily injury and serious bodily injury. *See id.* at 44–45 (contrasting the definitions of "bodily injury" and "serious bodily injury" in section 18–1–901, 8B C.R.S. (1986 & 1994 Supp.)). To avoid this inequity, I would sever the attempt language from section 18–3–203(1)(b) so that attempted second degree assault would be punishable under the general attempt statute, section 18–2–101, 8B C.R.S. (1986 & 1995 Supp.). Pursuant to this statutory structure, attempted

second degree assault would be punishable as a class 5 felony rather than a class 4 felony. This distinction between the punishment applicable to first and second degree assault preserves the legislative differentiation between bodily injury and serious bodily injury by aligning the severity of punishment with the severity of harm attempted. Thus, I would remand to the trial court for reinstatement of the charges as class 5 felonies punishable under section 18–2–101.

For the above reasons, which are explained in more detail in my dissenting opinion in *Duc Nguyen,* I respectfully dissent from the majority's decision to remand with instructions to reinstate the second degree assault charges as class 4 felonies.

ERICKSON and KIRSHBAUM, JJ., join in this dissent.

Justice KIRSHBAUM dissenting:

I respectfully dissent from the majority's opinion and join the dissenting opinion of Justice Lohr. While principles of stare decisis would normally compel acquiescence in the majority's resolution of the issues in these cases, the opinion in *People v. Duc Nguyen,* 900 P.2d 37 (Colo.1995), upon which the majority relies, was announced less than four months ago. Because I perceive that decision to pose difficult consequences for resolving remedial questions raised when criminal proceedings are conducted pursuant to unconstitutional legislation, I conclude that it is not inappropriate to again note my concurrence in the rationale of the dissenting opinion in *Duc Nguyen,* 900 P.2d at 42–45. In my view, that rationale applies with equal force to these two cases and requires results opposite to those reached by the majority.