23CA1831 Peo v Perez 05-21-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1831
Boulder County District Court No. 22CR119
Honorable Robert R. Gunning, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Eliseo Perez,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE J. JONES
Fox and Dunn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 21, 2026

Philip J. Weiser, Attorney General, Sonia Raichur Russo, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Madeline B. Dobkin, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Eliseo Perez, appeals the district court's judgment of conviction entered on a jury verdict finding him guilty of felony driving while ability impaired (FDWAI).  We affirm.

## I.    Background

¶ 2     One afternoon, Perez drove his car to a Walmart Auto Center to have it serviced.  Security camera footage showed Perez parking his car in the Walmart parking lot and walking inside.

¶ 3     Inside the Auto Center, Perez checked in his car with an associate.  Perez asked for several different services, first requesting one tire change, then two.  He also wanted the service to be done immediately.  When the associate told Perez that he would have to wait for his car to be serviced, Perez became frustrated and raised his voice.  Upon hearing the yelling, the Auto Center supervisor approached Perez.  According to the supervisor, Perez slurred his words and smelled of alcohol.  Perez seemed unable to understand that there would be a wait for his car to be serviced or that the technicians needed his keys to perform the requested services.  Perez became frustrated, grabbed his keys, and left the building.

¶ 4     Security camera footage showed that Perez left the Auto Center and sat in his car in the Walmart parking lot for about twenty-five

minutes. When Perez returned to the Auto Center, the supervisor noticed that he was "being very loud and belligerent, yelling, shouting, [and] cussing." His slurring had also become worse, to the point where the supervisor couldn't understand what Perez was saying.

¶ 5 Perez eventually gave his keys to the supervisor so the technicians could service his car. He sat down in a chair in the Auto Center's waiting area and began to doze off.

¶ 6 An associate went to Perez's car to drive it into the garage to be serviced. When he opened the car door, he found several open bottles of alcohol in the car's passenger seat. The associate alerted the supervisor to the alcohol. The supervisor then alerted the store's asset manager. Per Walmart's policy, the asset manager called the police and reported a potentially intoxicated person in the store.

¶ 7 Police officers arrived and found Perez sitting in the chair. The officers observed that Perez's eyes were bloodshot and glassy, his speech was slurred, and he smelled strongly of alcohol. The officers asked Perez if he had been drinking, and he responded, "Yes." They

also asked Perez if he had driven himself to the Walmart, and he again responded, "Yes."

¶ 8 The officers arrested Perez. Because Perez had been convicted of driving under the influence (DUI) or driving while ability impaired (DWAI) on five prior occasions, the People charged him with felony DUI (FDUI) under section 42-4-1301(1)(a), C.R.S. 2025. A jury found Perez guilty of FDWAI. *See* § 42-4-1301(1)(b). The district court sentenced him to three years in the custody of the Department of Corrections.

## II.  Discussion

¶ 9 Perez contends that the district court erred by (1) refusing to give the jury part of his theory of defense instruction; (2) denying his attorney's motion to bifurcate the trial so that the jury would decide the existence of his prior convictions only if and after it first found him guilty of DUI or DWAI; (3) denying his counsel's objection to the court's reasonable doubt instruction; and (4) entering judgment on the FDWAI verdict because (a) FDWAI isn't a lesser included offense of FDUI, and (b) the judgment violated his constitutional right to equal protection. He also asserts cumulative error.

## A. Theory of Defense Instruction

¶ 10 Perez contends that the court abused its discretion by refusing to give the jury part of his attorney's tendered theory of defense instruction. We conclude that, even if the court abused its discretion by omitting the subject sentence, the error was harmless.

### 1. Additional Background

¶ 11 Before trial, defense counsel sent a tendered theory of defense instruction to the court and the prosecution. It read as follows:

> Mr. Perez asserts that he never drove or operated his vehicle while under the influence or impaired. Mr. Perez asserts that the only alcoholic drink was after driving to the Walmart. Mr. Perez asserts that he only showed signs of impairment after he exited the vehicle and was inside the Walmart.

(The tendered instruction isn't in the record. Perez represents that this is what the tendered instruction said, and the People don't take issue with that representation.)

¶ 12 The prosecutor objected to the second sentence of the instruction, asserting that it argued facts not in evidence. Defense counsel responded that "the defendant is entitled to an instruction on the [d]efense theory of the case when there's any evidence to support it, no matter how improbable or unreasonable the theory

4

may be." And defense counsel asserted that there was no evidence that Perez drank before arriving at the Walmart.

¶ 13 The court agreed with the prosecutor and said that "there[ was] no affirmative evidence" or "direct evidence" that Perez drank alcohol only after he arrived at the Walmart. The court noted that defense counsel was "free to make argument regarding the second sentence as part of the closing argument." The court removed the second sentence, and the instruction given to the jury read,

> Mr. Perez asserts that he never drove or operated his vehicle while under the influence or impaired. Mr. Perez asserts that he only showed signs of impairment after he exited his vehicle and was inside the Walmart.

¶ 14 During closing argument, defense counsel discussed Perez's theory of defense at length, saying, among other things, "[T]he evidence is showing you that what he drank was after he had driven there while he was sitting in his car."

### 2. Standard of Review and Applicable Law

¶ 15 "We review a trial court's decision to modify a tendered theory of defense instruction for an abuse of discretion." *People v. Martinez*, 2020 COA 141, ¶ 79. A court abuses its discretion if its ruling is manifestly arbitrary, unreasonable, or unfair, or based on

an erroneous understanding or application of the law. *People v. Gallegos*, 2023 COA 47, ¶ 15, *aff'd*, 2025 CO 41M; *People v. Trujillo*, 2018 COA 12, ¶ 11. But a court doesn't err by rejecting a theory of defense instruction if it is "argumentative or merely highlights specific pieces of evidence." *People v. Omwanda*, 2014 COA 128, ¶ 41.

¶ 16 "When a defendant objects to the trial court's ruling on a jury instruction, we review for nonconstitutional harmless error and will thus affirm if 'there is not a reasonable probability that the error contributed to the defendant's conviction.'" *Trujillo*, ¶ 12 (quoting *People v. Garcia*, 28 P.3d 340, 344 (Colo. 2001)); *see also People v. Joosten*, 2018 COA 115, ¶ 40 ("A court's improper rejection of a theory of the case instruction is harmless if it does not adversely affect the defendant's substantial rights.").

¶ 17 "A defendant is entitled to a jury instruction encompassing his theory of the case so long as evidence in the record supports the instruction." *People v. Bruno*, 2014 COA 158, ¶ 18. A theory of defense instruction must be given if "the record contains *any evidence*" supporting the defendant's theory. *People v. Nunez*, 841 P.2d 261, 264 (Colo. 1992) (emphasis added); *see also People v.*

*Green*, 2012 COA 68M, ¶ 13 ("[A] defendant is not entitled to an instruction on a theory of defense unless there is 'a scintilla of evidence' (or 'some credible evidence') supporting it." (quoting *People v. Saavedra-Rodriguez*, 971 P.2d 223, 228 (Colo. 1998))). "We review de novo whether the defendant . . . met this burden, considering the evidence in the light most favorable to the defendant." *Green*, ¶ 14.

### 3. Analysis

¶ 18 Perez argues that the district court applied the wrong standard in ruling on his proposed instruction by requiring "affirmative evidence" or "direct evidence" and that there was some evidence to support his theory that he only drank alcohol in the parking lot.

¶ 19 We agree with Perez that an affirmative defense may be supported by circumstantial evidence. In this case, there was video evidence of Perez parking in the Walmart parking lot "with no signs of impairment," and, given that Perez went back to his car for half an hour, one could reasonably infer that he drank during that time.

¶ 20 But even if we assume that the district court abused its discretion by omitting the second sentence of the proposed instruction, any error was harmless, for three related reasons.

¶ 21    First, Perez's counsel extensively promoted the theory in full during closing argument.  She argued, based on the evidence, that Perez didn't show any sign of intoxication when he arrived, parked, and walked into the Walmart for the first time; Perez drank while sitting in the parking lot when he returned to his car; and Perez showed signs of intoxication only when he went back inside the Walmart.  For example, counsel said, "So that evidence of impairment you've been shown, over an hour after Mr. Perez had driven to the Walmart, the evidence is showing you that what he drank was after he had driven there while he was sitting in his car." Indeed, Perez concedes in his opening brief that, "[d]espite the objection, defense counsel's closing argument touched on substantial evidence supporting a drink-after-drive inference." Thus, the jury was presented with Perez's theory that he showed signs of intoxication only when he went back into the Walmart.  *See People v. Dore*, 997 P.2d 1214, 1222 (Colo. App. 1999) ("In determining whether the jury has been adequately informed of the defendant's theory of defense, . . . [t]he court may also consider whether defense counsel's closing argument fairly represented [the] defendant's theory to the jury." (citation omitted)); *see also*

*Omwanda*, ¶ 42 (apparently treating the district court's refusal of a portion of the defendant's theory of the case instruction as harmless because counsel conveyed that information to the jury during closing argument).

¶ 22      Second, the evidence supporting Perez's theory was weak, while the prosecution's evidence that Perez was impaired when he first entered the Walmart was strong. The Walmart supervisor testified that, during Perez's first trip into the store, he was slurring his speech and smelled of alcohol. Perez was unable to follow the conversation with the supervisor and didn't understand that he needed to give her his keys for his car to be serviced. And Perez was in the car for only about twenty-five minutes before reentering Walmart and acting belligerently.

¶ 23      Third, even if Perez became impaired while he was in the car, that wouldn't be a defense to the charge. Perez seems to assume that he must have actually operated the car while impaired to be found guilty. That isn't so. In this context, a person "drives" a vehicle if he has "actual physical control" over the vehicle: The term doesn't require proof of actual physical movement of the vehicle or that the vehicle traveled any distance. *People v. Valdez*, 2014 COA

9

125, ¶¶ 10-11 (quoting *People v. Stewart*, 55 P.3d 107, 115 (Colo. 2002)). The evidence overwhelmingly showed that Perez was in an operable vehicle with the keys when he sat in it for about twenty-five minutes. He concedes that he drank alcohol while he was in the car and showed signs of impairment when he got out of the car and went back into the Walmart. Thus, even if he became impaired while in the car, he could be found to have "driven" the car while impaired.[1]

¶ 24   Considering all these circumstances, we conclude that any error by the district court in refusing to give the jury the second sentence of Perez's proposed instruction was harmless.

### B.   Motion to Bifurcate

¶ 25   Perez next contends that the district court erred by denying his motion to bifurcate the determination of his prior convictions from the trial on the underlying DUI charge in violation of his right to due process as construed in *Erlinger v. United States*, 602 U.S. 821 (2024). We disagree.

---

[1] Indeed, during deliberations the jury asked a question about what evidence was needed to find Perez guilty of DUI if he drank in his car "to a point of inebriation in the driver's seat . . . with [his] keys."

### 1.  Additional Background

¶ 26    At a pretrial hearing, defense counsel moved to bifurcate the trial so that the jurors wouldn't hear about Perez's prior convictions until after they had found him guilty of DUI (or, presumably, DWAI). The prosecution objected in writing, arguing, "[T]he prior acts are an element of the charged offense.  When proving a felony DUI, the prior DUI-DWAI offenses are *elements* rather than a sentence enhancement."  Defense counsel then responded with a written motion, arguing that bifurcation was proper because there "is inherent prejudice in having the prior convictions heard at the same time as the substantive charge."  The district court denied the motion.  The court did the same after defense counsel reraised the motion the morning of the first day of trial.

### 2.  Standard of Review

¶ 27    We review a court's ruling on a motion to bifurcate for an abuse of discretion.  *See People v. Harris*, 2016 COA 159, ¶ 74.  A court abuses its discretion when "its decision is manifestly arbitrary, unreasonable, or unfair, or if its decision is based on an erroneous understanding or application of the law."  *Id.*

11

¶ 28    But we review de novo whether a court must bifurcate the elements of an offense. *People v. Kembel*, 2023 CO 5, ¶ 24.[2]

### 3.    Analysis

¶ 29    A DUI or DWAI offense increases from a misdemeanor to a felony if the offense "occurred after three or more prior [DUI or DWAI] convictions." § 42-4-1301(1)(b).  The Colorado Supreme Court has held that whether the defendant has three or more prior convictions is a substantive element of the felony offense that the prosecution must prove beyond a reasonable doubt.  *Linnebur v. People*, 2020 CO 79M, ¶ 8, *abrogated on other grounds by*, *People v. Crabtree*, 2024 CO 40M.

¶ 30    And the Colorado Supreme Court has held that "a trial court may not bifurcate the elements of the offense of felony DUI (or of any offense) during a jury trial."  *Kembel*, ¶ 57.  Because the supreme court hasn't overruled *Kembel*, we are bound by that

---

[2] The People argue that Perez didn't preserve his claim because he never argued in the district court that *People v. Kembel*, 2023 CO 5, was wrongly decided.  However, defense counsel renewed the motion to bifurcate on the first day of trial, and the court denied it based on *Kembel*.  Counsel argued that bifurcation was required for the reasons Perez now argues on appeal; asserting that *Kembel* was wrongly decided would have been futile.

decision. *See People v. Novotny*, 2014 CO 18, ¶ 26 (The supreme court "alone can overrule [its] prior precedents concerning matters of state law.").

¶ 31    Perez argues, however, that the district court erred because *Erlinger* effectively overruled *Kembel*. We disagree.

¶ 32    In *Erlinger*, the Court held that a defendant is entitled to have a jury decide unanimously and beyond a reasonable doubt whether, for purposes of the Armed Career Criminal Act, his past offenses were committed on separate occasions. 602 U.S. at 834-35. The Court didn't hold that a trial *must* be bifurcated so that the prior offenses are determined only after the jury determines guilt on the underlying charge; it only suggested that would be good practice. *Id.* at 847-48; *see id.* at 868 (Kavanaugh, J., dissenting) ("States remain free not to bifurcate . . . ."). Therefore, *Kembel* remains good law.

¶ 33    Because *Kembel* remains binding precedent, the district court wasn't at liberty to bifurcate the trial in the manner Perez requested.

## C. Reasonable Doubt Instruction

¶ 34    Perez contends that the district court erred by giving the jury a reasonable doubt instruction that erroneously explained proof beyond a reasonable doubt, thereby lowering the prosecution's burden of proof. We disagree.

### 1. Additional Background

¶ 35    Defense counsel objected to the proposed reasonable doubt jury instruction, which replicated the instruction approved in 2022 by the Colorado Model Criminal Jury Instructions Committee. Counsel argued that "[t]he wording of the new instruction suggests to jurors that the defense has a burden to establish the possibility of their clients' innocence rather than requiring the government to extinguish any and all possibility of innocence." Counsel asked the court to use the pre-2022 model instruction. The court declined, saying it was "planning to read to the jurors the newly enacted jury instruction as to reasonable doubt." It did so.

### 2. Standard of Review

¶ 36    "We review de novo whether a jury instruction impermissibly lowered the prosecution's burden of proof." *People v. Schlehuber*, 2025 COA 50, ¶ 15 (citing *Tibbels v. People*, 2022 CO 1, ¶ 22).

14

"Instructions that lower the prosecution's burden of proof below the reasonable doubt standard constitute structural error and require automatic reversal." *Tibbels*, ¶ 22.

### 3. Analysis

¶ 37 Perez argues that the 2022 reasonable doubt instruction is constitutionally defective in three ways. First, by failing to include the term "lack of evidence," the instruction could have led the jurors to believe that they couldn't consider the lack of evidence supporting the charge, thereby lowering the prosecution's burden of proof. Second, by failing to include the phrase "hesitate to act," the jury was "left without anything concrete or relatable to understand" reasonable doubt. Third, the "real possibility" language in the instruction was too confusing for jurors and shifted the burden to the defense.

¶ 38 In *Schlehuber*, 2025 COA 50, a division of this court thoroughly considered materially identical arguments and held that the modified 2022 version of the reasonable doubt instruction doesn't lower the prosecution's burden of proof or undermine the presumption of innocence. *Accord People v. Berumen*, 2025 COA 93, ¶ 33; *see also People v. Melara*, 2025 COA 48, ¶¶ 24-32 (holding

that a district court doesn't commit structural error by failing to include "lack of evidence" language in the instruction).

¶ 39     Though Perez urges us to hold to the contrary, we conclude that *Schlehuber* is well reasoned and therefore follow it.

### D.     Equal Protection

¶ 40     Perez contends that the court violated his right to equal protection of the laws by allowing the jury to consider the offense of FDWAI if it didn't convict him of FDUI.  He says this is so because the FDUI and FDWAI statutes impose identical penalties for different levels of culpability.  Again, we disagree.

### 1.     Additional Background

¶ 41     During the instruction conference, the prosecutor asked that FDWAI be included on the verdict form as a lesser included offense of FDUI.  Defense counsel objected, arguing that, in Perez's situation, FDWAI wasn't a lesser offense "as far as sentencing goes" and that including it would, in effect, lessen the prosecution's burden of proof.  The court determined that evidence was presented that could cause the jury to find Perez not guilty of FDUI but guilty of FDWAI — specifically, the "ramping up" of Perez's behavior during his second entry into the Walmart.  The court included

FDWAI as a lesser included offense in the instructions and on the verdict form.  The jury found Perez guilty of that offense.

## 2. Standard of Review and Applicable Law

¶ 42    "We review the constitutionality of statutes de novo."  *People v. Lente*, 2017 CO 74, ¶ 10.  "A statute is presumed to be constitutional; the challenging party bears the burden of proving its unconstitutionality beyond a reasonable doubt."  *Dean v. People*, 2016 CO 14, ¶ 8.[3]

¶ 43    A defendant has a constitutional right to "notice of the charges which have been made against him."  *People v. Cooke*, 525 P.2d 426, 428 (Colo. 1974).  To protect this right, a court may only instruct the jury on a lesser included offense, over the defendant's objection, "where the lesser offense is 'easily ascertainable from the

---

[3] The People argue that Perez didn't preserve this argument for appeal because his argument "that FDWAI isn't a lesser offense of FDUI is unrelated to contending that the FDUI/FDWAI statutory scheme violated [Perez's] equal protection right."  But "[w]e do not require that parties use 'talismanic language' to preserve an argument for appeal."  *Rael v. People*, 2017 CO 67, ¶ 17 (quoting *People v. Melendez*, 102 P.3d 315, 322 (Colo. 2004)).  "The objection need only draw the trial court's attention to the asserted error . . . ."  *Id.*  We will assume that, by objecting that FDWAI wouldn't be a lesser included offense for Perez, defense counsel properly brought both the lesser included offense and the statutory scheme issues to the district court's attention.

charging instrument' and is 'not so remote in degree from the offense charged that the prosecution's request appears to be an attempt to salvage a conviction from a case which has proven to be weak . . . .'" *People v. Jimenez*, 217 P.3d 841, 870 (Colo. App. 2008) (quoting *Cooke*, 525 P.2d at 428-29).

¶ 44    A "greater offense includes a lesser offense when the establishment of the essential elements of the greater necessarily establishes all of the elements required to prove the lesser." *Daniels v. People*, 411 P.2d 316, 317 (Colo. 1966) (emphasis omitted).  A lesser included offense can have the same criminal sanctions as the greater offense.  *See People v. Aragon*, 653 P.2d 715, 718 (Colo. 1982) ("[W]e have repeatedly held that an equal protection problem arises under the Colorado Constitution only when different statutes proscribe the same criminal conduct with *disparate* criminal sanctions." (emphasis added)); *People v. Nguyen*, 900 P.2d 37, 41 (Colo. 1995) (same).

¶ 45    As relevant to this case, subsections (1)(a) and (1)(b) of section 42-4-1301 set forth the elements of FDUI and FDWAI, respectively. They provide in relevant part as follows:

(1)(a) . . . Driving under the influence is a misdemeanor, but it is a class 4 felony if the violation occurred after three or more prior convictions, arising out of separate and distinct criminal episodes, for DUI, DUI per se, or DWAI . . . or any combination thereof.

(b) . . . Driving while ability impaired is a misdemeanor, but it is a class 4 felony if the violation occurred after three or more prior convictions, arising out of separate and distinct criminal episodes, for DUI, DUI per se, or DWAI . . . or any combination thereof.

### 3. Analysis

¶ 46    Perez argues that FDWAI isn't a permissible lesser included offense of FDUI. But he provides no support for this argument. And other divisions of this court have concluded that a greater offense includes a lesser offense when the lesser offense differs only by degree as to one element. *See, e.g.*, *Jimenez*, 217 P.3d at 870. FDUI and FDWAI share the same elements except that FDUI requires proof of a higher level of impairment: FDUI requires proof that the defendant was "substantially incapable" of operating a vehicle, while FDWAI requires proof that the defendant was impaired to "the slightest degree." § 42-4-1301(1)(f)-(g). Therefore, FDWAI is a lesser included offense of FDUI. And because FDWAI is a lesser included offense, the prosecution could ask the jury to

19

consider it over defense counsel's objection. *See People v. Skinner*, 825 P.2d 1045, 1047 (Colo. App. 1991) ("[B]oth the prosecutor and the defendant may ask the court to instruct the jury on lesser included offenses . . . .").[4]

¶ 47    Perez also argues that the statutory scheme for FDUI and FDWAI violates equal protection because the punishment for FDWAI is just as harsh as the punishment for FDUI. But the Colorado Supreme Court has held that "where the legislature provides the *same* penalty for different crimes, or the same penalty for the same crime with alternate culpability requirements there is no equal protection violation." *Nguyen*, 900 P.2d at 41. A violation only occurs when less culpable conduct is punished *more* harshly. *Id.*

¶ 48    FDUI and FDWAI are both class 4 felonies and carry the *same* penalty. *See* § 42-4-1301(1)(a)-(b). Thus, there is no equal protection violation.

---

[4] Perez seems to assume that whether an offense is a lesser included offense of another depends on the attached penalty. However, whether one offense is a lesser included offense of another offense is based on the offenses' *elements*, not their penalties. *See People v. Jimenez*, 217 P.3d 841, 870 (Colo. App. 2008).

¶ 49 Perez argues that *Nguyen* doesn't apply to this case for three reasons: (1) *Nguyen* only discussed the element of attempt to commit bodily injury for assault, and FDUI needs an individual analysis; (2) *Nguyen* doesn't explain how identical punishment for nonidentical behavior comports with equal protection; and (3) *Nguyen*'s rationale doesn't account for whether imposing identical punishments for FDUI and FDWAI disrespects the jury's determination that Perez was less culpable. But, as the People correctly point out, these arguments don't justify ignoring *Nguyen*'s binding holding that a defendant's right to equal protection isn't violated when two different crimes have the same penalty.

¶ 50 We also observe that Perez's position, if accepted, could lead to an absurd result. Both DUI and DWAI become felonies when a defendant has three or more previous convictions of any combination of DUI, DWAI, or DUI per se. § 42-4-1301(1)(a)-(b). Were Perez's position to prevail, if a defendant was previously convicted of three DUIs and his fourth offense was a DWAI, he would receive a lesser penalty than someone who had three prior DWAIs and whose fourth offense was a DUI. That doesn't make any sense.

## E.    Cumulative Error

¶ 51    We reject Perez's cumulative error argument.  Because we
have assumed only one error, the cumulative error doctrine doesn't
apply.  *See Howard-Walker v. People*, 2019 CO 69, ¶ 24; *People v.
Jones*, 2025 COA 43, ¶ 56 (*cert. granted on other grounds* Jan. 20,
2026); *People v. Thames*, 2019 COA 124, ¶ 69.

## III.    Disposition

¶ 52    We affirm the judgment.

JUDGE FOX and JUDGE DUNN concur.